———o※o———

THE EXECUTORS OF LIVINGSTON *against* TREMPER AND OTHERS, HEIRS AND DEVISEES OF J. W. TREMPER, DECEASED.

THIS was an action of debt on a bond for 200 pounds, (500 dollars,) dated 14th *July*, 1794, executed by *J. W. Tremper*, deceased, in his lifetime, to *Margaret Livingston*, the testatrix, in her lifetime. The declaration contained but one count, charging the defendants as *heirs and devisees* generally, without showing how they were heirs and devisees. The defendants pleaded *riens per descent, &c.* on which the plaintiffs joined issue. The cause was tried at the *Ulster* circuit, in *September*, 1813, when a verdict was taken for the plaintiffs, by consent, subject to the opinion of the court on the following case:

*J. W. Tremper*, the obligor, in *October*, 1794, died seised of a large real estate, leaving, as his heirs and representatives, *William Tremper, Catharine*, the wife of *Conrad E. Elmendorf*, *John Tremper, Elizabeth*, the wife of *S. H. Phillips*, and *Jacob I. Tremper*, all of whom were defendants; and *Ann*, who married *John Story*, the other defendant, by whom she had a son named *John*. *Ann* afterwards died; and after her death her son also died, before the commencement of this suit. *Ann*, before her intermarriage with *John Story*, had married *John M'Gregor*, by whom she had a son named *John*, now living; the father having died soon after he was born, and after the death of *J. W. Tremper*. *John Story*, the husband of *Ann*, and one of the defendants, before and after the death of *Ann* and her son, and before and since the commencement of this suit, possessed and occupied a part of the real estate of which the said *John W. Tremper* died seised, and received the rents, &c. for the same, by virtue of a conveyance thereof, made by the said *Ann*, in her lifetime, during her intermarriage with the defendant *John Story*, to *Alexander Story*, his brother, who, afterwards, before the commencement of this suit, conveyed the same to the said *John Story*; but the plaintiffs were ignorant of such conveyance until the trial of the cause.

In an action of *debt* on a bond, executed by T., deceased, brought against several defendants, charging them generally, as *heirs* and *devisees* of T., the defendants pleaded *riens per descent*, on which issue was joined; at the trial it appeared that one of the defendants was neither an heir nor devisee of T. It was held, that being an action *ex contractu*, the plaintiff was bound to show a *joint* liability of all the defendants; and not having done so, he was nonsuited.

The defendants insisted that the plaintiffs ought to be non-suited, because they had not proved their allegation that the defendant, *John Story*, was an heir or devisee of *J. W. Tremper*.

The cause was submitted to the court without argument.

*Per Curiam.* The declaration is against the defendants as *heirs and devisees* of *Tremper* generally, and the defendants have pleaded *riens per descent*. With respect to all the defendants, except *John Story*, it was proved that they were heirs or devisees; but he neither inherited, nor took any thing by devise, from *Tremper*. His wife was a daughter of *Tremper*, but had, together with her husband, conveyed her proportion of his real estate to a third person, who afterwards conveyed it back to *Story*. It cannot be pretended that *Story* is either an heir or devisee of *Tremper*, and he cannot be charged as such. (2 *Saund.* 7. note 4.) The declaration is in the *debet and detinet*. This action is, therefore, to be classed among those arising *ex contractu*; and, by the settled principles of law, the plaintiffs were bound to prove a joint liability on the part of all the defendants; and not having done so, they ought to have been non-suited. (1 *Chitty's Pl.* 31. note n.)

Judgment of nonsuit.(*a*)

(*a*) *Jenks's Case, Cro. Car.* 151. 1 *East,* 52. 1 *Lev.* 63. 1 *Esp. Rep.* 363. *Bull. N. P.* 129. 1 *H. Bl.* 37. 2 *Chitty,* 272, 273.