WALCOTT *against* CANFIELD and others.

*October 28.*  In an action on the case, alleging, that the defendants, being joint proprietors of a line of stages from *Hartford* to *Albany*, undertook, in consideration of a certain sum paid by the plaintiff, to transport him and his baggage from the former to the latter place, within a certain time specified; and that having received the plaintiff and his baggage, for that purpose, they detained the same on the road, and failed and neglected to perform their undertaking; to which the defendants pleaded *not guilty;* it was held, that the plaintiff could not recover against any of the defendants, without proving a joint undertaking, as alleged, against all.

Evidence of the acts of one of several defendants, sued on a joint undertaking, is not admissible against the others, without previously establishing the authority of that one to bind the others, by such acts.

A copartnership formed to transport passengers and their baggage, by a line of stages, does not, from the mere nature of the business, authorize one of the partners to bind the firm, by an agreement, that he will convey a person a certain distance, within a specified time.

IN an action against *Timothy Canfield, Ichabod Curtiss, Aaron Hosmer, Eli Ensign, Samuel Sherman* and *Solomon Volkenburg,* the plaintiff declared as follows : " That on the 5th day of *June,* 1818, the defendants were, and for a long time before, had been, and ever since have continued to be, joint partners in the business of running a line of stages from *Hartford* to *Albany,* for the purpose of conveying passengers, with their baggage and other things, from said *Hartford* to said *Albany.*    And the defendants were, on said 5th day of *June,* public and common carriers from said *Hartford* to said *Albany,* for the purpose of carrying passengers and other things in said line of stages for hire.    And the defendants, prior to said 5th day of *June,* published to the world, that they had established a line of stages from said *Hartford* to said *Albany,* to run through each way, three times in a week; to leave *Hartford,* every *Monday, Wednesday* and *Friday,* at 2 o'clock in the morning, and to arrive at said *Albany,* at 8 o'clock in the af-

ternoon, on each of said days. And the plaintiff, on said 5th day of *June*, engaged a passage in said line to go from said *Hartford* to said *Albany*, for himself and his baggage ; he, the plaintiff, being on a journey from *Windham* to *Burlington*, in the state of *New-York*. And the plaintiff paid the defendant for his passage, and for the conveyance of his baggage, the full and customary price of 6 dollars and 50 cents. And the plaintiff, agreeably to his said engagement, on the morning of the said 5th day of *June*, entered said stage, with his baggage, consisting of one leather portmanteau, [containing sundry articles of clothing, specified] of the value of 47 dollars ; which baggage was of less weight than is usually allowed to passengers to carry in stages through the *United States*, and particularly, in the line of stages aforesaid : which portmanteau and clothing the defendants, by their agent, the stage-driver, received of the plaintiff, to deposit in said stage, for the purpose of being conveyed to said *Albany*, as aforesaid. And the plaintiff entered said stage, with his said baggage at *Hartford*, as aforesaid, to be conveyed to said *Albany*, with his baggage, by 8 o'clock in the evening of said 5th day of *June*, as aforesaid. And the defendants, for the consideration of said sum of 6 dollars 50 cents, so received by them of the plaintiff, undertook and engaged to convey him, the plaintiff, and his said baggage, from said *Hartford* to said *Albany*, on said 5th day of *June*, by 8 o'clock in the evening of said day. And the defendants, by their agent, the stage-driver, acknowledged the receiving of said portmanteau and clothing of the plaintiff, and informed him, the plaintiff, that the same was safely deposited in said stage, for the purpose of being conveyed to said *Albany*, as aforesaid. Now, the plaintiff says, that the defendants, their engagement and undertaking to convey him, and his said baggage, to said *Albany*, as aforesaid, they, the defendants, wholly failed and neglected to perform ; but the plaintiff was detained on the road, by the defendants, until 2 o'clock in the morning of the 6th day of *June*, 1818, before he was conveyed to said *Albany* in said stage ; and the defendants wholly failed and neglected to convey said baggage to said *Albany*, but left the same on the road, without the knowledge or consent of the plaintiff, more than seventeen miles from said *Albany* ; and the defendants wholly neglected and refused to afford any assistance to the plaintiff to recover his said baggage. And the plaintiff further says, that by means of the delays

*Windham,*
*October,*
1819.

Walcott
*v.*
Canfield.

*Windham,*
*October,*
*1819.*

*Walcott*
*v.*
*Canfield.*

and hindrances of his person on the road, and by his not arriving at *Albany*, by the time agreed upon, as aforesaid, and by means of the total failure of the defendants to convey said baggage to *Albany*, agreeably to their undertaking as aforesaid, he, the plaintiff, was wholly, defeated and prevented from pursuing his journey to said *Burlington*, and was obliged to return immediately from said *Albany*, in pursuit of his baggage. And the plaintiff was put to great expense and trouble to find his baggage; and in consequence of said delays, occasioned as aforesaid, by the negligence of the defendants, as aforesaid, he, the plaintiff, was wholly prevented from performing his journey, and lost thereby the whole expense and trouble of his journey from *Windham* to *Albany*, and back to *Windham*, and was wholly prevented from performing his business at *Burlington* aforesaid : all which is to the plaintiff's damage, &c.

The cause was tried, on the plea of *not guilty*, by the defendants, severally, at *Windham, September* term, 1819, before *Bristol*, J.

In support of the contract, and other facts, stated in the declaration, the plaintiff offered in evidence sundry depositions, relating to the conduct of *Canfield*, one of the defendants, in procuring an advertisement, stating the manner in which the stage was to be run, to be printed and distributed. On an objection taken by the defendants, the judge decided, that this evidence was inadmissible against any of the defendants, except *Canfield*; and no other evidence whatever was introduced. The judge thereupon directed the jury to find a verdict for the defendants, as no recovery could be had upon the evidence against *Canfield* alone. The jury having found for the defendants accordingly, the plaintiff moved for a new trial, on the ground of the qualified admission of the evidence, and of a misdirection. This motion was reserved in the usual manner.

*Lanman*, in support of the motion, contended, 1. That the evidence offered was admissible against the defendants generally, to prove the connexion between *Canfield* and the others. The jury might have inferred, from the nature of the business, that *Canfield* was the *agent* of all concerned, to get the advertisement printed and distributed; and *that* being established, his acts would bind them.

2. That the charge to the jury was wrong, inasmuch as the cause of action arises *ex delicto.* The issue is, whether the defendants are *guilty* of the *negligence,* and the *wrongful acts,* imputed to them. *Mitchell* v. *Tarbutt* & al. 5 *Term Rep.* 649. *Govett* v. *Radnidge* & al. 3 *East* 62. *Stoyel* v. *Westcott,* 2 *Day* 418. 1 *Chitt. Plead.* 134.

*W. Perkins,* contra, remarked in the first place, that as the evidence related to the acts of *Canfield* alone, in his individual capacity, its operation was properly limited to him.

2. He contended, that the action was founded *on contract ;* and that the damages demanded were for the *non-performance* of that contract. The substance of the declaration, is, that the defendants, being partners for the purpose of running a line of stages, undertook, for a certain sum paid by the plaintiff, to carry him and his baggage from *Hartford* to *Albany,* and failed to perform that undertaking. The duty of the defendants arises wholly from their *contract ;* without which, their negligence would be no legal injury to the plaintiff. *Powell* v. *Layton,* 2 *New Rep.* 365. *Max* v. *Roberts* & al. 2 *New Rep.* 454. *Weall* v. *King,* 12 *East* 452. The plaintiff must prove the contract as laid, even though the injury arises from neglect, or a direct act; for the action, in that case, is founded *ex quasi contractu.* *Boson* v. *Sanford* & al. 2 *Salk.* 440. *Parish q.* t. v. *Burnwood* & al. 5 *Esp.* 33.

*Hosmer,* Ch. J. The declaration alleges, that the defendants were proprietors of a line of stages from *Hartford* to *Albany ;* and that, in consideration of six dollars and fifty cents, they undertook to transport the plaintiff and his baggage from the former to the latter place, in a certain specified time. This engagement they did not perform ; and for the damage arising from non-performance, this action is brought.

To prove the contract averred, the plaintiff offered in evidence an advertisement, which *Canfield* procured to be printed, and acknowledged that he had distributed in the community. As there was no evidence, that the advertisement was authorized, or approved, by the other defendants, the judge admitted the testimony offered, and limited its operation to *Canfield* only. The decision, in my opinion, was perfectly correct. The objection proceeds on the gratuitous assumption of an indispensible fact; that is, that *Canfield* had author-

ity to make the engagement, for which the plaintiff contends. This supposition was supported by no evidence ; nor is the right to make this special contract inferrible, from the nature of the business, in which the defendants were connected. A copartnership, formed to transport passengers, and their baggage, in a stage, does not authorise one of the partners to bind the firm, by an agreement, that he will convey a person a certain distance, within a specified time. Unless he had special authority, he could only oblige himself, by a contract not within the scope of the connexion, and not his partners, who had never expressly, or impliedly, assented.

Against five of the defendants, there was no evidence ; and of consequence, they were entitled to a verdict. This, notwithstanding, the plaintiff claimed a right to a verdict against *Canfield*, on his separate contract ; and the overruling of this claim, constitutes the remaining objection in the case.

It is too manifest to require authority, that an action, founded on contract, against several defendants, cannot be sustained, by the proof of an agreement made by one of them, or by any number, not including all the persons sued. 1 *Chitt. Plead.* 31. *Livingston's* ex'rs. v. *Tremper*, 11 *Johns. Rep.* 101. The distinction between *tort* and *contract*, in this respect, is obvious and familiar. Now, the plaintiff's action was founded *on contract*, and the non-performance of it, without the allegation of mal-feasance or mis-feasance. The cases cited, have no bearing on the question between the parties.

There has been a difference of opinion on the question, where the action is brought on contract, and the *gravamen* has been laid on tortious negligence, or breach of duty, by wrong done, whether a recovery can be sustained against *a part* of the defendants only. In *Govett* v. *Radnidge*, 3 *East*, 62., it was adjudged, that it might be done. This doctrine, however, has not the support of principle ; and the above case has been considered as of no authority. *Powell* v. *Layton*, 2 *New Rep.* 364. *Max* v. *Roberts*, & al. 2 *New Rep.* 454. The same court, which determined the case of *Govett* v. *Radnidge*, in the recent determination of *Weall* v. *King*, & al. 12 *East*, 452., have virtually overruled their former decision. This was an action against several defendants, alleging a *deceit* to have been effected, by means of a warranty, made on a joint sale, in which it was adjudged, that the plaintiff could not recover upon proof of a contract by one, as of his separat

property; the action, though laid in tort, being founded on the joint contract alleged.    It was said by Lord *Ellenborough*, "The argument, on the part of the defendant, has been, that this is an action founded on the *tort ;* that torts are, in their nature, *several ;* and that in actions of tort, one defendant may be acquitted, and others found guilty.    This is unquestionably true, but still is not sufficient to decide the present question.    The declaration alleges the deceit to have been effected, by means of a warranty, made by both the defendants, in the course of a joint sale, &c.    The joint contract, thus described, is the foundation of the joint warranty, laid in the declaration, and essential to its legal existence and validity : and it is a rule of law, that the proof of the contract must correspond with the description of it, in all material respects, &c. Such allegation requires proof strictly corresponding therewith : it is, in its nature, entire and indivisible, and must be proved as laid, in all material respects."

The principle is this ; that in actions founded on agreement, the plaintiff, in every essential particular, must prove the contract as he has alleged it ;  and it matters not, whether the breach of contract resulted from the omission to perform some act, which the defendants ought to perform,—or from the improper performance of the act,—or from the doing what ought not to have been done.

The other Judges were of the same opinion.

New trial not to be granted.