HENRY ET UX. vs. HICKMAN.

1. In assumpsit against husband and wife jointly, a count is demurrable which shows a cause of action against the husband alone.
2. When suit is brought against husband and wife under the act of 1850, for articles of family supply, the declaration must distinctly aver that the wife has a separate estate, which is sought to be charged.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. THOMAS A. WALKER.

ASSUMPSIT by Hickman against the plaintiffs in error, as husband and wife. The declaration contains two counts; one upon a promissory note made by the wife during coverture, with the allegation that the consideration of the note was goods, wares and merchandize, furnished to the family of defendants' as supplies, such as were suitable and adapted to their degree and condition in life. The second count is for goods, wares and merchandize, sold and delivered to defendants, with the same allegation, that they were for the supply of the family, and suitable to its condition and degree.

The defendants demurred to the whole declaration, and to each count separately, but their demurrers were overruled. They then pleaded the general issue, and plaintiff recovered a verdict against them.

The overruling of the demurrers is now assigned for error.

P. & J. L. MARTIN, for plaintiffs in error.

MOODY, contra.

GIBBONS, J.—We think the court below erred in overruling the demurrer to the declaration. It does not show a cause of action for which the husband and wife may be sued jointly. At common law, the legal identity of the wife is merged in the husband. During coverture, and whilst living with her husband, the wife cannot contract, either in her own name, or in that of her husband, so as to bind him, without his authority; nor has she any standing in court, either as plaintiff or defendant, on such a contract. The wife may bind

her husband for necessaries, because the law presumes the authority and consent of the husband for these; but such a contract is not the contract of the wife, but of the husband, for which she is not bound. The declaration, then, shows a cause of action against the husband alone at the common law.

But it is supposed that the declaration can be supported under the act of 1850, the seventh section of which is as follows: "That for all articles of family supply, or used in the family, which are suitable to the estate and condition in life of the family of such husband and wife, and for which the husband would by the common law be liable, the husband shall be severally, and the husband and wife jointly liable and suable at law: and the separate estate of the wife, secured to her under the provisions of this act, or of the act to which this is an amendment, shall be subject at law to all debts, contracts, or engagements for such articles, by suit against her and her husband." We cannot suppose that this act intended to create a liability in all cases against the wife, jointly with her husband, for supplies furnished to the family. It is applicable only to specific cases, to-wit: where the wife has a separate estate; and in an action brought to recover for supplies furnished to the family, it must distinctly appear by the declaration, that she has a separate estate which is sought to be charged, before any liability appears against the wife, and before she can have a standing in court. This declaration contains no such averment, and no cause of action is shown against the wife, but a good one against the husband. The declaration presents, then, the case of a misjoinder of parties defendants; and that, in a matter *ex contractu*, is fatal to the plaintiff, whenever it becomes apparent to the court. 3 Conn. 194; 11 Johns. 101; 2 ib. 213.

The demurrer to the declaration, and to each count of it, should have been sustained. The judgment of the court below is reversed, and the cause remanded.