## PUNCH & DUGGAN *vs.* WALKE AND WIFE.

[ACTION AGAINST HUSBAND AND WIFE, ON PROMISSORY NOTE AND OPEN ACCOUNT.]

1. *Form and sufficiency of complaint.*—In an action against husband and wife, seeking to charge the wife's separate estate with " articles of comfort and support of the household," (Code, § 1987,) the complaint must aver that the articles furnished were such as the husband would be liable for at common law, or state facts from which that inference can be drawn.

2. *Amendment of complaint.*—The refusal of the court to allow an amendment of the complaint, by the addition of a count which would not support a verdict and judgment in favor of the plaintiff, is not a matter of which he can complain on error.

APPEAL from the Circuit Court of Dallas.

Heard before the Hon. NAT. COOK.

THIS action was brought by the appellants, as partners, against Jno. M. Walke and Clementine M. Walke, his wife; the complaint, as set out in the record, being in these words: " The plaintiffs claim of the defendants seventy-four dollars, due by [promissory note made by them on the 1st June, 1857, and payable one day after date, with interest thereon. And the plaintiffs claim the further sum of seventy-four dollars, with interest thereon from the 1st June, 1857, due for articles of comfort and supply of the household, suitable to the degree and condition in life of the family ; and the plaintiffs aver, that said Clementine M. Walke is a married woman, and is possessed of a separate estate under the Code, and that she is the wife of said John M. Walke." When the case was called for trial, as the bill of exceptions shows, the plaintiffs asked leave to amend their complaint, by the addition of a count which, as set out in the bill of exceptions, was precisely the same as the second count of the complaint above copied. The court refused to allow the amendment, and the plaintiffs excepted. " The plea of coverture having been interposed in behalf of Mrs. Walke, and it being admitted that she was a married woman, the court instructed the jury that they must find for her, and proposed to give judgment for the plaintiffs against the said John M. Walke. This the plaintiffs declined, and took a nonsuit." The refusal of the proposed amendment, and the charge of the court to the jury, are the matters now assigned as error.

J. D. F. WILLIAMS, for the appellants.

D. S. TROY, contra.

STONE, J.—The exceptions to the action of the circuit court all relate to its refusal to permit certain amendments of the complaint. The complaint copied in the record contains two counts, the second of which is a literal copy of the one mentioned in the bill of exceptions as proposed and rejected. Under a severe criticism, we might presume the amendment was rejected, because it added nothing to the sufficiency of the complaint already

on file. We suppose, however, that this is an error of the clerk in copying; and that the said second count never was filed, but is in fact the proposed amendment. What we would decide in this connection, if it were necessary to a decision of this case, we do not now announce.

Without adverting to any other defect in the amendment which was offered to be filed to the complaint in this case, it is evidently insufficient to justify a recovery against the separate estate of the wife, under section 1987 of the Code. It fails to aver that the articles purchased were such as the husband would be responsible for in an action at common law, or any other facts from which that inference can be drawn. Hence, if the amendment had been allowed, and a judgment had been rendered against both defendants, that judgment would have been reversed on error.—Durden and Wife v. McWilliams, 31 Ala. 438; Henry v. Hickman, 22 Ala. 685; Cunningham v. Fontaine, 25 Ala. 644; Gibson v. Marquis, 29 Ala. 668; Ravesies v. Stoddart and Wife, 32 Ala. 599.

The simple question, then, which this record presents, is the refusal of the circuit court to allow an amendment, which, if allowed, would not have supported a verdict and judgment. This cannot be regarded as the *amendment* of an imperfection or defect.—Code, § 2403. If, however, it be an error, it is without injury to the plaintiffs.—Shep. Digest, 568, § 82.

Judgment of the circuit court affirmed.