THOMAS A. WHITTAKER *vs.* EDWARD E. COLLINS.

December 1, 1885.

Parties to Actions—Tort not founded on Contract.—Where an action
is maintainable for a tort simply, without reference to any contract be-
tween the parties, the action is one of tort purely, although the existence
of a contract may have furnished the occasion or opportunity for com-
mitting the tort, and the tort-feasors need not be joined as defendants.

Same—Tort founded on Contract.—But in actions for torts founded on
contracts or *ex quasi contractu*, where the action is not maintainable
without pleading and proving the contract, the gist of the action being its
breach either by malfeasance or nonfeasance, the action is one, in sub-
stance, on the contract, and all persons jointly liable must be sued.

Same—Negligence of Member of Firm of Physicians.—Rule applied
to a case where a person employed the professional services of a firm
of physicians and surgeons, and one member of the firm, while acting
under this employment, failed to exercise proper professional skill and
care; *holding* that an action by the patient for damages for such failure
was one on the contract, the breach of which was the foundation of the
action, and hence all the members of the copartnership must be joined as
defendants.

Appeal by plaintiff from an order of the district court for St. Louis
County, *Stearns*, J., presiding, sustaining a demurrer to the com-
plaint.

*White & Reynolds*, for appellant.

*Allen & Parkhurst* and *W. W. Billson*, for respondent.

MITCHELL, J.   This is an action for damages caused by the negli-
gence and unskilfulness of defendant as a physician and surgeon.
It appears from the complaint, in substance, that defendant and one
Graff were copartners as practising physicians and surgeons; that,
plaintiff's leg having been broken, he employed the *firm* to set it, and
to care for and treat him professionally; that part of the time Graff
attended him, and did his work skilfully; that the remainder of the
time his partner, the defendant, attended the plaintiff, and performed
his duties negligently and unskilfully, causing the injuries complained
of.   Both were acting in the line of their partnership business, and

under and in pursuance of the employment of the *firm* professionally by the plaintiff.

The court below having sustained a demurrer to the complaint on the ground of a defect of parties defendant, the sole question raised by this appeal is whether Graff, defendant's partner, should have been made a party defendant. The admitted rule is that in actions on contract all persons jointly liable must be sued, but that in actions for tort, disconnected from any contract, the tort-feasors need not be joined. The question is, what rule applies in what are sometimes called actions for torts founded on contracts, or actions *ex quasi contractu?*

The principle running through all the cases seems to be that where the action is maintainable for the tort simply, without reference to any contract between the parties, the action is one of tort purely, although the existence of a contract may have been the occasion or furnished the opportunity for committing the tort. But where the action is not maintainable without pleading and proving the contract, —where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance,—it is, in substance, whatever may be the form of the pleading, an action on the contract, and hence all persons jointly liable must be sued. 1 Chit. Pl. 87; Pomeroy on Remedies, § 282; Dicey, Parties, 437; 1 Lindley on Partnership, 482; 2 Collyer, Partnership, § 732; *Powell* v. *Layton,* 2 Bos. & Pul. 365; *Max* v. *Roberts,* Id. 454; *Cabell* v. *Vaughan,* 1 Wms. Saund. 288h, 291e, 291f; *Weall* v. *King,* 12 East, 452; *Bretherton* v. *Wood,* 3 Brod. & B. 54; *Walcott* v. *Canfield,* 3 Conn. 194.

According to this test it seems to us clear that this is an action on the contract. The gist and *gravamen* is the breach of its terms, which, whether express or implied, were that these physicians and surgeons would treat the plaintiff with ordinary professional skill and care. It would have been impossible for plaintiff to state his cause of action without alleging the contract, for the liability of the defendant arose solely out of it, and not out of some general common-law duty independent of contract.

The only cases which appellant cites in support of his contention are *Govett* v. *Radnidge,* 3 East, 62, and *White* v. *Smith,* 12 Rich. 595.

The first of these cases has been overruled, and is no longer considered law. The latter was an action for damages for the loss of a slave killed through the negligence of a partnership, while in their charge under a contract of hire. The court placed its decision wholly upon the ground that the *gravamen* of the suit was not the contract, but the negligence of the defendant, and that the contract was mere matter of recital to explain that the slave was in charge of the defendant, and adds: "Proof of any other process by which the charge resulted would have been admissible." At least this is the ground upon which the court decided the case, and is the only one upon which the decision can be sustained, if at all. But in the case at bar the foundation of the action is the contract, and the *gravamen* of it its breach. There is no force in the suggestion that Graff was not a necessary party because personally innocent. This same suggestion was made by counsel in *Powell* v. *Layton, supra.* The act of one partner in the line of the copartnership business is the act of all.

Order affirmed.