### JOSEPH W. REYNOLDS *vs.* LESSER FRANKLIN.

### August 24, 1891.

Evidence—Entire Offer, in part Inadmissible.—It is not error to reject an entire offer of evidence, a part of which is inadmissible.

Same—Value of Land—Refusal to Purchase at Specified Price.—Proof that a person refused to purchase property offered for sale to him at a specified price does not go to show that it was not of a greater value than the price named.

Contract to Pay Money and afterwards to Convey Land—Separate Actions—Judgment.—The defendant, having, by a contract with the plaintiff, obligated himself to pay a specified sum of money at once, and at a subsequent time to convey certain real estate, subjects himself to liability in separate actions, and a judgment in an action for the recovery of the money does not bar another action for damages for breach of the agreement to convey the land.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial after a verdict of $1,208.14 for plaintiff.

*Akers & Lancaster,* for appellant.

*Robert D. Russell,* for respondent.

DICKINSON, J. In May, 1885, these parties entered into a contract, by the terms of which, for a specified consideration, the defendant undertook, among other things, to forthwith pay to the plaintiff the.

v.47M.—10

sum of $200, in money or in goods, and, within 60 days after the making of the contract, to convey to the plaintiff certain real estate. The payment was not made, nor was the real estate conveyed. This action is for the recovery of damages for the breach of the agree-ment to convey the land.

1. The value of the land in question being in issue, the defendant made an offer to prove that he had authorized a certain real-estate broker to sell the land at five dollars an acre; that the broker advertised and offered it for sale at that price, without finding a purchaser; and "that one person in particular, to whom it was offered for that price, examined it and refused it." The first assignment of error is based on the rejection of the evidence thus offered. The ruling was right. Whether or not it would have been competent to prove generally that the defendant had exposed the land publicly for sale at the price named, but without success, that part of the offer which we have embraced in quotation marks was not admissible, and, as it was embraced in one entire offer, that alone justified the ruling of the court. That the land was offered to a particular person at a specified price, and that he, after examination, declined to purchase, would not go to justify the inference that the land was not worth more than the price named. Many considerations, aside from the value of the land, may be supposed to have affected the mind of the person referred to. It is not to be assumed as probable that every person to whom land may be offered at a reasonable price, or even at a price much less than its value, will purchase it; and the fact that a particular person refuses to purchase land proves nothing as to the reasonableness of the price for which it was offered.

2. Contemporaneously with the commencement of this action, the plaintiff commenced another action against the defendant to recover the $200 which was to have been paid as above stated, and that action proceeded to judgment in favor of the plaintiff. The question is presented whether such former recovery constitutes a bar in this action. We are of the opinion, as was the learned judge who tried the cause, that the principle of *res judicata* is not applicable, but that, from the nature of the agreement of the parties, separate causes of action arose, which might be enforced by separate actions. By the

terms of the contract the defendant assumed obligations essentially distinct in their nature and as to the time and mode of their performance. One obligation was to pay a specified sum at the time of making the contract; the other was to convey certain land at a future time. The remedies open to the plaintiff were different with respect to each of these subjects. For a default in the payment of the sum named he had his legal action for its recovery; and such an action might have been maintained at once upon default, although the time had not yet elapsed within which the defendant was required to convey the land. Upon default in respect to the latter obligation, the plaintiff might have prosecuted an action in the nature of a suit in equity for specific performance, or he might elect to prosecute a legal action for damages for the breach of the agreement to convey, as he has done. If an action for the recovery of the $200 had been commenced at once, and a recovery had upon the default of the defendant, it cannot well be urged that such a recovery would have barred an action for specific performance after the lapse of the time allowed for the conveyance of the real estate. It makes no essential difference that this action is for damages instead of for a specific performance, nor that both actions were commenced after both causes of action had accrued. The controlling fact is that, by the agreement of the parties, separate obligations were assumed, which, being broken, gave rise to distinct causes of action, and, even though they might have been joined in one action, separate actions may be maintained, and a judgment upon one of the causes of action does not constitute an adjudication upon the other. The case is not different from what it would have been if the defendant, for an entire consideration, had given to the plaintiff his several non-negotiable promissory notes payable at different times. Even after the maturity of all such notes, separate actions might be maintained, and a recovery upon one would constitute no bar to a recovery upon another.

Order affirmed.