CHARLES D. WRIGHT, Assignee, v. GEORGE TILESTON.[1]

January 17, 1895.

No. 8997.

**Complaint Construed.**

> Complaint construed as stating a cause of action against a lessee for damages resulting from negligence in the care of the demised premises, and not for the breach of the covenant "to surrender the premises at the expiration of the term in as good condition and repair as when he took them, reasonable wear and tear and damages by the elements alone excepted."

**Res Judicata.**

> *Held*, that a former judgment in an action against the lessee for a breach of the covenant to pay rent was not a bar to this action.

Appeal by defendant from an order of the district court for Otter Tail county, Baxter, J., striking out defendant's second defense in the amended answer. The nature of the second defense is stated in the opinion. Affirmed.

Action by assignee for negligence of lessee of a certain water power, a dam constructed for the purpose of utilizing the same, a

[1] Reported in 61 N. W. 823.

mill and appurtenances. The complaint alleged that the defendant neglected to reduce the volume of water in the reservoir above the dam at a time of high water, whereby a portion of the dam was swept away and the remainder of the dam was weakened.

*George H. Reynolds* and *John W. Mason,* for appellant.

*Williams & Cowing, John P. Williams,* and *W. E. Dodge,* for respondent.

BUCK, J. On March 21, 1894, the plaintiff in his capacity as assignee of the Page Flour Mills, an insolvent corporation, commenced an action against the defendant, Tileston, to recover damages for the breach of one of the covenants of a lease made and entered into between these parties, the cause of action alleged in the complaint being the failure on the part of the defendant to pay the rent due on the lease. The defendant did not serve any answer, and on April 12, 1894, the plaintiff caused judgment to be entered against the defendant for the full amount of the damages claimed in the plaintiff's complaint, which judgment was subsequently paid in full by the defendant and the plaintiff executed a satisfaction thereof. On March 31, 1894, this action was commenced, the plaintiff in his complaint alleging the execution of the lease above referred to between these parties, and setting forth many of the terms and conditions of the lease, which was executed September 22, 1891. It is alleged in the complaint that plaintiff leased to defendant, "the Page Flour Mills property, * * * consisting of a certain water power thereon, a certain dam constructed and operated thereon for the purpose of utilizing such water power, together with all the privileges for the use of said reservoir and dam, and of the flour mill with its machinery and appurtenances, the grain or storage elevator, the cooper shop, the boarding house and dwelling house, * * * during the full term of one year from and after the 12th day of October, 1891, at a monthly rental of $200 per month, payable on the first day of each and every month. And the defendant also covenanted in said lease that he would, at the expiration of the term therein specified, surrender the premises to the plaintiff in as good condition and repair as when he took them, reasonable wear and tear and damage by the elements alone excepted." The defendant occupied the premises until about

November 15, 1893. The plaintiff alleges in his complaint that the usefulness and value of the property leased, and particularly of said mill, depended upon the maintenance and operation in a proper and skillful manner of the dam, waste gate, sluiceway, flume, and other parts thereof and appurtenances thereto, by the party or parties operating said 'mill, and that said dam was constructed in a good and workmanlike manner prior to the execution of said lease, and at the date of the execution thereof was in good condition and repair, and in all respects safe, secure, and adequate for the purpose for which it was constructed across the Red or Otter Tail river at Fergus, and was built of oak logs, stone, and gravel, with extending wings, and intended to obstruct and control a head of water not exceeding 13 feet above the floor of the flume thereof, which flume was employed to convey water to said mills and to regulate the supply for the water wheels thereof. There are many other allegations in the complaint of essential things to be done for the reasonable and proper management of said property, and for its safety and protection. It is then alleged by the plaintiff in his complaint that the defendant negligently and carelessly refused and omitted to attend to and care for this property as it was his duty to do while in the use thereof, and that during a period of high water in the month of May, 1893, the property so leased was greatly injured and damaged through such negligence and carelessness of the defendant, and the defendant failed, refused, and neglected to repair and reconstruct the property so damaged and destroyed, and that plaintiff was thereby compelled to repair and reconstruct said property, which he did, and necessarily expended in such repair and reconstruction the sum of $5,868.37, for which sum he demanded judgment against defendant. To this complaint the defendant answered, and, for a second defense, he pleaded as a bar or res adjudicata the former action and judgment, which we have mentioned at the commencement of this opinion. The only cause of action alleged in the complaint in the prior action was nonpayment of rent, or in other words it was an action for breach of the covenant to pay rent; and it is contended by the defendant that this action is only for a breach of the covenant in the lease that "he would, at the expiration of the term therein specified, surrender the premises to the plaintiff in as good condi-

tion and repair as when he took them, reasonable wear and tear and damage by the elements alone excepted."

A careful examination of the complaint leads to the conclusion that the cause of action alleged in the plaintiff's complaint herein is something more than an allegation of the breach of a covenant for neglect or refusal to repair. The action is one brought by plaintiff against defendant for his negligence and carelessness in the management of the leased property, whereby a large and valuable part of it was not merely injured, but destroyed. One wing of the dam, 15 feet long, and the head gate were entirely destroyed by reason of the carelessness and negligence of the defendant, and the property in other respects greatly injured and damaged by such negligence, according to the allegation of the complaint. Such a cause of action is one sounding in tort, and not one on contract. The language used by this court in Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632, is applicable here, viz.: "The action is one of tort purely, although the existence of a contract may have been the occasion or furnished the opportunity for committing the tort." The action could have been maintained without setting forth the whole of the contract. It would have been sufficient to have alleged the making of a lease for a certain time; that defendant went into possession, control, and management of the premises thereunder, alleging the condition of the property when he entered into possession, and what it was suitable and used for, and then alleging substantially what plaintiff has done as to the negligence and carelessness of the defendant in the management of the property, and the consequential damages. It was not necessary to allege all the terms of the lease or contract in order to maintain this action, and such facts as are thus unnecessarily alleged may be deemed as surplusage. The covenant in the lease upon which the defendant insists that this action is brought is that the defendant "will, at the expiration of the time as herein stated, quietly yield and surrender the aforesaid premises to the said party of the first part, his successors or assigns, in as good condition and repair as when he took them, reasonable wear and tear and damages by the elements alone excepted." The very exception stated in the lease, in connection with the allegation that the damages were caused by high water, and through the negligence and careless man-

agement of the premises by the defendant, takes the complaint entirely out of the rule contended for by the defendant. By the explicit terms of the lease, he was not to return the premises in as good condition and repair as when he took them, if the damages to the premises were the result of the elements. This is the exact damage which it is alleged resulted to the premises; that is, by the element of water coming upon the premises in such a flood or torrent that the wing of the dam was totally destroyed and the premises otherwise greatly injured and damaged, and that this result was caused by the negligent and careless management of the property by the defendant. That a tenant is liable for negligence and carelessness in the management of the leased premises, whereby damage results to such premises, is quite clear as a matter of law. Of course, upon this view of the case, the former judgment is not a bar to the plaintiff's maintaining this action. The claim in this action could not have been litigated in the former one, because it was no part of the cause of action there sued upon, but a distinct and entire cause of action itself. We do not, however, hold that, upon the other facts stated in the complaint, the plaintiff might not have recovered on the covenant of the defendant that "he would, at the expiration of the term, surrender the premises in as good condition and repair as when he took them, reasonable wear and tear and damage by the elements alone excepted," had the defendant, at the expiration of the term, surrendered the premises in the defective and unsafe condition described in the complaint. The complaint does not state a cause of action for the breach of the covenant above quoted, but only one in tort for negligence in the care of the premises, for the reason that the time had not expired when the plaintiff made the expenditures necessary for the preservation of the premises, and for which he now seeks to recover, and hence it seems very clear that the judgment on the covenant to pay rent cannot be pleaded in bar of this action.

Order affirmed.

CANTY, J., concurs in the result.