H. W. WILSON COMPANY v. A. B. FARNHAM & COMPANY.[1]

January 19, 1906.

Nos. 14,535--(162).

**Judgment—Independent Causes of Action.**

Although connected with the same subject-matter, if independent and separate causes of action are created by contract, a judgment in one is not a bar to the others. Rule applied in this case, and *held*, that a provision in a second contract to the effect that the same should not be construed as a settlement of any claim for damages growing out of a prior contract constituted independent causes of action, and a judgment entered in an action upon one cause is not a bar to an action upon the other.

Action in the district court for Hennepin county to recover from defendant $9,973.81 for breach of contract. The case was tried before Elliott, J., and a jury, which rendered a verdict in favor of plaintiff for

[1]Reported in 106 N. W. 342.

$441.90. From an order denying a motion for judgment notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*Mead & Robertson,* for appellant.

*Ripley & Lum,* for respondent.

LEWIS, J.[2]

July 15, 1903, the parties to this action, respondent, a printing publishing company, and appellant, a bookbinding company, entered into the following contract:

Minneapolis, Minn., July 15th, 1903.

A. B. Farnham & Co., Edison Bldg., City—Gentlemen: Verifying our recent conversation we will give you the binding of the United States Catalogue, about 2,500 copies of about 2,200 pages, at your price of sixty-five cents for genuine half morocco black cloth sides, the binding to be done in first class manner. We expect to get copies about a week after the last sheets have been delivered to you at the rate of about a hundred per day until one-half of the edition has been bound. For work done in August we will make a payment to you in cash, September 10th, and for work done in September, we will make a payment October 10th. The color of the half morocco should be like the sample submitted to you. We wish margins trimmed as little as possible, and we wish you to be especially careful about folding the forms so that the sheets will not be wrinkled.

Very truly yours,

The H. W. Wilson Co.,

Per H. W. Wilson.

November 2, 1903, the same parties entered into a written agreement, in part as follows:

Whereas, the party of the second part has in its possession, under a contract for binding heretofore made by the parties hereto, a quantity of bound books of the United States Catalogue, to wit, 716 copies, and whereas the party of the second

[2]ELLIOTT, J., having heard the case below, took no part.

part has heretofore bound and delivered to the said party of the first part, under the said contract for binding, a number of copies of the said United States Catalogue, to wit, 798 copies, therefore the said party of the second part hereby contracts and agrees to deliver forthwith into the possession of the party of the first part, all of the bound volumes of the said United States Catalogue now in its possession, numbering 716 copies.

The agreement further stipulates that, in consideration for the delivery of the catalogues by appellant, respondent, upon such delivery, would pay appellant $1,247.70, $500 in cash, and the balance in two promissory notes of equal amounts, payable in sixty days and ninety days, respectively, with interest, being the amount claimed by appellant for binding the books, viz., three hundred eighty six volumes at ninety five cents each; seven hundred thirty nine volumes at eighty five cents each; and three hundred eighty nine volumes at sixty five cents each. Respondent agreed, upon delivery of the catalogues by appellant, to look the same over and sort out such as contained imperfect sheets, or were otherwise improperly bound, and to sort over all bound copies in its possession, and at once redeliver to appellant all defective copies, which appellant agreed to rebind so as to cure the defects, and, if that were not practicable or possible, that appellant was required to deliver back to respondent such defective and incurable copies, paying the price of binding the same, according to the rates theretofore specified; and, further,

That this contract is not to be construed as a settlement in any way of any claim the party of the first part may now have, or may in the future have, against the party of the second part, for damages arising from improper binding or otherwise improperly performing its contract heretofore made with the party of the first part for binding the said United States Catalogue as aforesaid.

One of the promissory notes not having been paid, appellant commenced an action in the municipal court of Minneapolis to recover upon it, and as a defense to that action respondent set up the contract of No-

vember 2, and asked for damages on the ground that appellant had failed to comply with the terms of the agreement, in that it did not remedy defective binding, nor deliver the catalogue, as agreed, and as a second counterclaim set out the contract of July 15, and claimed damages for failure to perform the same. At the trial the second counterclaim was dismissed, and the cause proceeded upon the first defense, resulting in judgment for defendant, respondent here. Thereafter this action was commenced in the district court of Hennepin county by respondent, for the purpose of recovering damages alleged to have grown out of a failure on the part of appellant to perform its contract of date July 15. In defense thereto appellant set up, as a bar, the judgment which had been rendered in the municipal court. The trial court decided against appellant on that point, and the trial resulted in a verdict for respondent. The appeal presents simply the one question: whether the cause of action here sued upon was embraced within the cause of action litigated and determined in the municipal court.

The November 2 contract would undoubtedly be construed as comprehensive enough to merge and include all prior claims and rights in connection with the subject-matter, were it not for the express reservation to the contrary. If at the time of the execution of the second contract there had already accrued a cause of action on behalf of respondent against appellant for a failure to bind the books in accordance with the contract of July 15, then the unavoidable effect of the specific reference to such claim in the second contract was to reserve such claim and right of action thereon for independent settlement. For some reason, the parties kept the transactions separate, and consequently there arose two causes of action. If respondent confined itself in the pleadings, and at the trial in the municipal court, to such damages only as grew out of the November contract, and did not litigate or submit at the trial its other claim growing out of the July contract, then judgment entered in that action was not a bar to the subsequent action. There is a vital distinction between the subject-matter of the contracts and the cause of action with respect thereto.

Where the cause of action is entire and indivisible, the judgment determines all the rights of the parties upon it, although it may be but partially presented to the court. It is the rule that a single and entire

cause of action cannot be split up into several suits. Thompson v. Myrick, 24 Minn. 4; O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746, 79 Am. St. Rep. 426; King v. Chicago, M. & St. P. Ry. Co., 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. Rep. 238. The converse is also well settled. If there are several causes of action, although connected with the same general subject-matter, independent actions may be maintained and a judgment in one is not a bar to the others. Reynolds v. Franklin, 47 Minn. 145, 49 N. W. 648; Wright v. Tileston, 60 Minn. 34, 61 N. W. 823.

Order affirmed.