# Elwood Natural Gas & Oil Company et al. *v.* Kullman.

[No. 5,933. Filed October 31, 1906.]

PLEADING. — *Complaint.* — *Contracts.* — *Exhibits.* — *Injunction.* —*Specific Performance.*—*Gas and Oil.*—A complaint for an injunction to prevent defendants from cutting off plaintiff's supply of gas, although sounding in tort, must set out plaintiff's contract for such supply of gas, such complaint being substantially for specific performance and founded upon a written contract. *Elwood, etc., Oil Co.* v. *Glaspy,* 38 Ind. App. 634, followed.

From Madison Circuit Court; *Daniel W. Comstock,* Special Judge.

Suit by Leo Kullman against the Elwood Natural Gas & Oil Company and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*Gilbert R. Call,* for appellants.
*B. H. Campbell* and *Ward L. Roach,* for appellee.

MYERS, J.—In the court below, by this suit, appellee sought and obtained a permanent injunction restraining appellants from in any manner interfering with his supply of gas at his residence, as now furnished by them.

From the complaint it appears that on October 31, 1902, appellee entered into a written contract with appellant Elwood Natural Gas Company, whereby, on the payment of $75, which he avers to have paid said appellant, he was entitled to be furnished by said appellant with gas in his dwelling for fuel and light, and otherwise averring the effect of the various stipulations of the contract. Also, that appellants are threatening, and will, unless enjoined, disconnect his service-pipe from their gas-mains, in violation of the terms of said contract, to his irreparable injury, etc. A demurrer of each appellant to this complaint was overruled.

The first question here presented challenges the sufficiency of the complaint. By the averments of this complaint it is clear that it rests upon the theory of a right in appellee to the continued use of gas, and the liability of appellants to furnish the same, created by a written contract. This contract is not made a part of the complaint either by exhibit or otherwise.

While this suit is one sounding in tort, the wrong is the threatened malfeasance of appellants or breach of duty arising out of the contractual relations, for which the remedy sought, in effect, imposes upon appellants specific performance of the contract on their part. The suit is therefore in substance on the contract. See *Schoppel* v. *Daly* (1904), 112 La. 201, 36 South. 322; *Whittaker* v. *Collins* (1885), 34 Minn. 299, 25 N. W. 632, 57 Am. Rep. 55. The failure of the pleader to make it a part of the complaint is a question discussed and decided in *Elwood, etc., Oil Co.* v. *Glaspy* (1906), 38 Ind. App. 634, and upon the authority of that decision the judgment in this case is reversed.