## BUSÓ ET AL. *v.* MARTÍNEZ.

### APPEAL from the District Court of Humacao.

No. 810.—Decided December 20, 1912.

ACTION EX DELICTO—MISTAKE IN AREA OF ESTATE SOLD—CONTRACT OF SALE.—
When an estate of 15 *cuerdas* described by metes and bounds is sold for a
lump sum and the vendee on taking possession of the property finds that it
contains 125 *cuerdas* and institutes dominion title proceedings in order to
have such excess recorded in his favor, the action arising from such acts is an
action *ex delicto*, because such acts of the vendee do not constitute an infrac-
tion of the contract of sale, but are independent acts which have nothing to
do with the contract of sale.

ID.—DAMAGES ARISING FROM FAULT OR NEGLIGENCE.—Having examined the com-
plaint in the case at bar in the light of the principles applicable to the case,
there is no doubt that the damages claimed therein arise from the fault or
negligence referred to in section 1803 of the Civil Code.

ID.—PRESCRIPTION—FAULT OR NEGLIGENCE.—The action brought in the present
case having arisen from fault or negligence its prescription should be gov-
erned by section 1869 of  the Civil Code which fixes the period of one year
for bringing the same.

ACTIONS—EJECTMENT—OWNERSHIP—RENTS AND PROFITS—DAMAGES—CAUSE OF
ACTION.—In the case at bar it was held that supposing the defendant is
not the owner of the excess of land which he purchased and which is the
subject matter of this action, the complaint filed does not state a cause
of action, because the action instituted is not one of ejectment, and in an
action to recover damages, such as the one brought in this case, the trial court
cannot pronounce upon the question of ownership or decide the question of
rents and profits or fruits and products which arise from the title to
the land.

ID.—PRESCRIPTION—WHEN PRESCRIPTION BEGINS.—It was held in the case at bar
that prescription of the action did not begin to run from the date of the
approval of the dominion title proceedings, but from the date on which the
deed of sale of the estate in litigation was executed, or at least from the time
the defendant took possession of the property, the result, therefore, being
that the action has prescribed.

The facts are stated in the opinion.

*Mr. Hugh R. Francis* for appellants.

*Mr. Manuel Tous Soto* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case was set for trial in this court on Tuesday,
October 8, 1912, and heard the same day. Counsel appeared
both for the appellants and for the respondent, and the case

was argued and submitted. As the facts are somewhat similar to those involved in the preceding case between the same parties, No. 809, the decision in this case has been delayed pending the disposition of the former case.

Judgment was rendered in the court below on a demurrer to the complaint which was sustained on the ground that the action is barred by limitation. The appellants claim that the action is not barred, because the complaint is based upon a contract and not in tort. The respondent takes a contrary view. The various sections of the Civil Code applicable to the case are cited by the respective parties. (Civil Code, Tit. XVIII, Chap. III.)

It appears from the record that the plaintiffs presented their complaint on February 18, 1911, which was excepted to on April 5 of the same year on the ground that no sufficient facts are alleged in the complaint to constitute a cause of action, it appearing from the face thereof that the cause of action had prescribed according to section 1869 of the Civil Code imposing a limitation of one year. In the complaint it is alleged that on April 19, 1902, Francisco Busó Cabrera, the father of the plaintiffs, sold to the defendant a farm containing 15 acres of land which belonged to the ganancial estate of the deceased mother and the father of the plaintiffs, but that the tract of land conveyed really was of much greater dimensions, owing to a mistake in reciting the boundaries, and that the defendant Martínez, after getting possession, proceeded to make an *expediente* of dominion title for the larger tract, in this manner damaging the plaintiffs by depriving them of their lands and collecting the revenues of the same.

The date of the approval of the *expediente* appears to have been April 19, 1904. This is exactly two years after the sale, the mother of the plaintiffs having in the meantime died, and neither the plaintiffs nor their father, Francisco Busó Cabrera, as it is shown, had done any act adverse to the

defendant, nor had they reclaimed the alleged difference in the area of the two tracts of land up to February 18, 1911, the date when suit was filed. And it further appears that since nothing is alleged in the complaint in respect to this point, the court on exceptions held that the action brought had prescribed and declared the demurrer to be sustained and dismissed the complaint with costs in favor of the defendant.

From this judgment, rendered on November 1, 1911, an appeal was taken to this court and the transcript was filed here on February 17 last. Since both parties have presented briefs and appeared on the hearing and made oral arguments in the case, an examination thereof and of the facts alleged and the law applicable thereto will disclose which holds the correct position.

The difference between actions based on contracts and those arising from torts is well defined and understood. A tort consists in the violation of a right given or the omission of a duty imposed by law. A breach of contract is the disregard of a right granted or an obligation assumed by agreement of the parties concerned. (38 Cyc., 426, and cases cited in note 29.)

Here the defendant, as it is alleged in the complaint, purchased from the father of the plaintiffs 15 acres of land belonging to the ganancial estate; but, instead of being content with that amount, he took possession of 125 acres and proceeded to establish a dominion title to the larger tract. This was not a violation of the contract of sale nor of the deed of conveyance, but an act committed entirely independent thereof. It is claimed by the appellants that the respondent disregarded an implied contract with them or their father to claim only 15 acres in taking possession of the larger tract. As far as that goes, an implied contract exists between all men in a civilized society to claim only such property as is justly theirs, and this would have been binding on the defendant even if there had never been a sale of 15

acres or of any land whatever. Then, the right violated does not arise from the grant of the parties, nor does the obligation which the defendant owed to the plaintiffs depend on any agreement made by them or in their behalf. The right or duty involved in this case was created independently of the consent of the parties concerned and not because of such consent or in pursuance thereof; hence, the appropriate action arising thereon is in tort and not on contract. If all reference to the deed under which the 15 acres were conveyed should be omitted from the complaint the ground of action, if any there be, would remain intact; and this is the correct test which shows the difference between the two classes of cases. (*Whittaker* v. *Collins,* 34 Minn., 299; 25 N. W. Rep., 632; 57 Am. Rep., 55; 38 Cyc., 426 and 427, and cases there cited.)

From an examination of the complaint it is plain that according to the principles of law applicable thereto the damages claimed arose from the fault or negligence mentioned in section 1803 of the Civil Code. Since defendant by his acts is alleged to have caused damage to the plaintiffs and appears to be in fault thereby, he is obliged, under the said statute, to repair the damage so done in this case by the payment of money in compensation therefor. Reducing the facts alleged to the last analysis, the question comes to this: Is the defendant the owner of the property claimed containing 125 acres of land or not? If he is, no action for the payment of rents can be maintained; if he is not, no action arises in favor of the plaintiffs because they have not instituted an ejectment suit; and the court cannot in this case, which is one for damages only, pronounce upon the question of ownership, nor can it decide the question of rents and profits or fruits and products as such which, as a consequence, arises from the title to the land. But the present action, from the statements set out in the complaint, is purely an action in tort and not on contracts, arising *ex delicto* and not *ex contractu,* and therefore falls, as far as prescription

is concerned, under the purview of section 1869 of the Civil Code limiting such actions to the period of one year. This is clear because the $16,000 claimed by the plaintiff as their damages as compensation is for the detention of the property; that is to say, on account of an illegal act alleged to have been committed by the defendant and destructive of their rights.

But it cannot be claimed that the date from which limitation runs in this case is the approval of the *expediente* of dominion title, because the rights of the plaintiffs, whatever they are, did not begin to exist from that date but from the death of the mother from whom they claim to have inherited the property. The *expediente* of dominion title plays no part in this case. If there was any detention by the defendant of the plaintiff's land through an illegal possession of the same, that wrong commenced on the same day in which the deed of conveyance was delivered to the defendant— that is to say, on April 19, 1902—as it is alleged in the complaint, or at least on the day on which the defendant took possession of the land, the same being during the lifetime of the mother of the plaintiffs who was then of age and against whom the limitation began to run. Then not only one year but more than ten years had elapsed from the time the limitation began to run before this action was brought and the same was clearly barred by the statute applicable thereto.

We must therefore sustain the judgment rendered by the District Court of Humacao dismissing the complaint because the action had prescribed under section 1869 of the Civil Code. This being the case it is not necessary to consider whether or not the allegations of the plaintiffs are otherwise sufficient to constitute a cause of action.

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey signed stat-

ing that they concurred in the judgment on the grounds stated in their concurrent opinion.

## CONCURRING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ AND MR. JUSTICE ALDREY.

The plaintiff, Francisco Busó Pérez, in his own right and in behalf of several minor brothers brought a suit for damages in the District Court of Humacao against Gil Martínez Achalandavaso, the ground of action being that their father, Francisco Busó Cabrera, had purchased from Francisco Busó Baster a farm consisting of two parcels one of which had an area of 15 *cuerdas* which on April 19, 1902, he sold to the other defendant, the discovery having been made afterwards that instead of the 15 *cuerdas* recited in the deed the property contained 125 *cuerdas;* that the defendant, Martínez Achalandavaso, proceeded to establish a dominion title to the surplus of 110 *cuerdas* and had it recorded in the registry of property, the claim being for the damages suffered by the plaintiffs for the loss of the land over and above the 15 *cuerdas* which the defendant, Martínez Achalandavaso, had appropriated to himself.

The defendant demurred to the complaint averring that it did not allege facts sufficient to constitute a cause of action and that the action had prescribed. The court below rendered judgment on November 1, 1911, sustaining the demurrer on the ground last mentioned and dismissing the complaint; and it is from that judgment that the plaintiffs have taken this appeal.

The complaint shows that in 1893 Francisco Busó Cabrera, father of the plaintiffs, purchased from his father, Francisco Busó Baster, the estate known as "Las Puentes," consisting of two tracts, giving a description by metes and bounds of the tract of 15 *cuerdas* involved in this action and of the other

tract which is the object of the contract, the boundaries mentioned being rather different from those appearing in the registry of property. Busó Cabrera failed to have a survey made of the property to ascertain whether the area of the estate was even approximately correct, and Busó Baster continued in charge of its management when in 1902 Busó Cabrera segregated the parcel of 15 *cuerdas* and conveyed it to the defendant, Martínez Achalandavaso, effecting the sale for the fixed price of $2,600 and with the same erroneous boundaries as when he had purchased it.

We already have said on November 18 last in the decision of another case in which the same plaintiffs asked for the nullity of said sale to Martínez Achalandavaso, based among other reasons upon the fact that an error had been committed in the area of the property, that according to section 1374 of the Civil Code in force, corresponding to section 1471 of the former code, when the sale of real property is made for a fixed price, as was the case here, and not for a unit of measure or number, the vendor is not entitled to the excess in area which the property may later be found to contain.

Therefore, inasmuch as the father of the plaintiffs effected the sale for a fixed price the plaintiffs are not entitled to the excess in the area subsequently discovered because the law gives it to the vendee, and for that reason they have no right of action to recover damages for that excess; this being the case it would be idle to discuss the plea of prescription entered.

It is evident that the complaint does not allege facts sufficient to constitute a cause of action, hence the demurrer filed by the defendant should be sustained and the complaint dismissed.