LOUIS R. VILLAUME v. WILLIAM WILKINSON AND OTHERS.[1]

January 31, 1941.

No. 32,560.

*Samuel Lipschultz,* for appellant.

[1]Reported in 296 N. W. 176.

*Charles F. Kelly* and *Gordon J. Mangan,* for respondent William Wilkinson.

*Best, Flanagan & Rogers,* for respondents Jack A. Boos and William Ferriss.

LORING, JUSTICE.

Plaintiff appeals from an order sustaining demurrers to his complaint on the ground that the cause of action is barred by the statute of limitations.

The action was commenced March 1, 1940, to recover damages for personal injuries received on October 26, 1935, from the explosion of a large can of fuel oil which it was alleged the defendants had brought and left on the lawn in front of plaintiff's fraternity house after repeated attempts by defendants to burn a log cabin erected by his fraternity on its lawn as a decoration for the University's annual homecoming festivities. Plaintiff was severely burned when the flaming contents of the exploding oil can were spattered on his legs.

The complaint alleges that the fraternity of which plaintiff was a member had erected a log cabin upon the front lawn of its premises to be used by it in connection with the homecoming festivities and that the defendants, and each of them, wrongfully, unlawfully, willfully, and maliciously set fire to the cabin by pouring fuel oil upon it and igniting it. The plaintiff and his fraternity brothers extinguished the fire, and the defendants twice renewed their attempt to burn the cabin. During the third attempt they left a large can of highly inflammable fuel oil at or near the cabin, and when the plaintiff and his fraternity brethren were in the act of extinguishing the flames for the third time the fire from the cabin ignited and exploded the fuel oil in the container. In this connection the complaint alleges that the defendants "wrongfully, unlawfully, carelessly, and negligently left the can or container with a large quantity of said fuel oil therein at or near said log cabin."

The defendants contend that the cause of action alleged in the complaint is one of those described in 2 Mason Minn. St. 1927, § 9193(1), which requires actions based on "libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury" to be commenced within two years. The plaintiff contends that it comes within the provisions of 2 Mason Minn. St. 1927, § 9191, which requires the following actions to be commenced within six years:

"5. For criminal conversation, or for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated."

This court has held that actions for personal injuries due to negligence are governed by the six-year statute, and that holding has stood for more than 40 years without legislative change in the statute. Brown v. Village of Heron Lake, 67 Minn. 146, 69 N. W. 710; Ott v. G. N. Ry. Co. 70 Minn. 50, 72 N. W. 833; 4 Dunnell, Minn. Dig. (2 ed.) § 5654. It is too late to reconsider that holding.

In this state a liberal rule prevails as to the construction of pleadings. One of the primary objects of the reformed procedure was to enable the courts to give judgment according to the facts stated and proved without reference to the form used or to the legal conclusions adopted by the pleader, and a complaint is not demurrable because it proceeds on a wrong theory. Tuder v. Oregon Short Line R. Co. 131 Minn. 317, 155 N. W. 200; Stevens v. Tilden, 122 Minn. 250, 142 N. W. 315. The test of a complaint on general demurrer is not whether it states the precise cause of action intended or whether the pleader appreciated the nature of his remedy or asked for appropriate relief, but whether the facts stated, expressly or inferentially, giving to the language the benefit of all reasonable intendments, show that the plaintiff is entitled to some judicial relief. Vukelis v. Virginia Lbr. Co. 107 Minn. 68, 119 N. W. 509. So, where a party who has alleged that representations amounting to a warranty were fraudulently made proves such warranty and its breach but fails to prove fraud, he

may recover for the breach. Wilson v. Fuller, 58 Minn. 149, 59 N. W. 988. And so where an action is maintainable for a tort without reference to any contract between the parties, the action is one for tort, though the existence of a contract may have been the occasion or furnished the opportunity for committing the tort. Wright v. Tileston, 60 Minn. 34, 37, 61 N. W. 823.

In the case at bar, if the complaint were treated as based upon an assault, or assault and battery, it would on its face show that the action was not commenced within two years and hence was barred; yet it contains allegations of negligence which show a cause of action maintainable within six years. The action would be maintainable without pleading and proving the arson. The arson is not the gist of the action—the negligence is. We may fairly disregard the allegations with reference to the felonious setting of the fire as being mere background or as setting out the facts which created the opportunity for committing the tort. Stripped of the outlawed allegations in connection with the malicious setting of the fire, the complaint is clearly based upon damages for personal injury due to negligence in leaving explosive oil close to the fire where it was reasonably to be expected that plaintiff and his brethren would be exposed to the hazards of its presence in their attempt to put out the fire. So far as the plaintiff's cause of action is concerned, it makes no difference how the fire started. If it had started from some innocent cause and the defendants had carelessly left the fuel oil where it might reasonably be expected to cause injury, the cause of action would be complete.

We consider that the complaint states a cause of action which comes within the six-year limitation, and consequently the order of the trial court is reversed.

HOLT, JUSTICE (dissenting).

I dissent. Plaintiff's able attorney has taken great pains to predicate the cause of action for injuries maliciously inflicted upon plaintiff's person by defendants while they were repeatedly committing felonies. Hence 2 Mason Minn. St. 1927, § 9193(1), and

334

not § 9191(5), is applicable. Of course the pleader did not antici-
pate that the two-year bar of the statute of limitations would be
raised; but when it was it would have been much better practice
to have served an amended complaint eliminating all averments of
felonious and malicious infliction of personal injuries. Plaintiff
and his counsel well knew that the whole affair was a student
prank devoid of any intention to inflict any personal injury. Since
plaintiff's counsel did not see fit to amend his complaint, I think
it should here be construed to state a cause of action for malicious
assault and battery.

[1]Reported in 296 N. W. 174.