# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

| 84 | 679 |
|----|-----|
| 90 | 306 |

## Ayers' Adm'x v. R. & D. Railroad Co.

### March 29th, 1888.

1. Railroads—*Employees—Negligent injuries—Incidental perils.*—For the principles governing recoveries for negligent injuries, see *C. & O. Railroad Co.* v. *Lee, ante,* p. 642. While it is true that a servant enters upon an employment subject to the perils incident thereto, yet the company must use care to provide safe, sound, and suitable instrumentalities, and not expose him to perils beyond those incident to such employment and in contemplation at the time of the contract of service, and he is entitled to presume this duty has been performed.

2. Idem—*Conductor—Brakeman.*—The company is responsible for injuries inflicted upon a brakeman on its train through the negligence of the conductor thereof. *Moon* v. *Railroad Co.*, 78 Va., 745.

3. Idem—*Acction for negligent killing—Case at bar.*—Brakeman was ordered by conductor to make a coupling to a car over the end whereof lumber projected. In obeying the order, brakeman, who knew the danger, was caught between the lumber and the next car; seeing which, conductor signaled engineer to "jar ahead quickly;" which was done, causing brakeman to fall; and the coupling having been made, the wheels passed over and killed him:

Held:

Upon demurrer to the plaintiff's evidence, the plaintiff was entitled to recover, the death being caused by the negligence of the defendant's conductor in giving the signal without looking to see if the coupling had been made.

Error to judgment of circuit court of Nelson county, in an action of trespass on the case, wherein Dora P. Ayres, administratrix of Robert H. Ayers, deceased, was plaintiff, and the Richmond & Danville Railroad Company was defendant. The

jury assessed plaintiff's damages at $10,000, subject to the demurrer of the defendant to the plaintiff's evidence. On the demurrer the court entered judgment for the defendant, and the plaintiff excepted, and obtained a writ of error from one of the judges of this court. The opinion states the case.

*Ro. Whitehead* and *Fitzpatrick & Gordon*, for the plaintiff in error.

*Charles M. Blackford*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This action was trespass on the case for damages for the killing of the plaintiff's intestate by the cars of the defendant company. There was a demurrer to the evidence by the defendant in which the court compelled the plaintiff to join. The jury found for the plaintiff, assessed the damages at $10,000—$1,000 to each of the four children of the deceased, and the remainder to go to the plaintiff, the wife of the deceased, subject to the judgment of the court upon the demurrer to the evidence. The judgment of the court was for the defendant, and the plaintiff applied for and obtained a writ of error to this court. The facts material to be stated are as follows: The deceased was a brakeman on the defendant company's road running from Danville to Alexandria, which passes through the county of Nelson. On the day of the killing of the deceased, the conductor of the defendant company's train of freight cars took in, soon after leaving Danville going north, a car improperly loaded with timber projecting over the ends of the car on one side. This train was cut at Lynchburg and at Lovingston—the place of the accident—at this lumber car, where the ends of the lumber projected so as to make the coupling dangerous on one side. The train was run upon the siding to clear the main track for other trains, and uncoupled

to clear obstruction from the county highway. The conductor of the train at Lovingston ordered the deceased, who was the middle brakeman, to couple up, and he went into the depot. The brakeman was alone, and had to give the signals to back the train together, and then couple. To do this he had to be on the side of the car where it was most dangerous from the projecting timber, so as to give the signals, as the train was curved round that way, and the engineer sat on that, the right side. In doing this, deceased got wedged fast between the ends of the timber and the end of the car it was backed against, so that he could not extricate himself, and cried out, as did others, for help. The conductor coming out of the depot, hearing his cries and seeing his situation, crossed to the same side to give the signal to the engineer, when, without going to the brakeman, wedged between the timber and the car, or waiting to see whether the coupling had been made or not, hastily signaled the engine-man to "jar ahead quick." The engine-man moved quickly forward; and as soon as the "slack" had been taken up, the imprisoned brakeman was liberated, and dropped to the ground, or was jerked down by the car; and, the coupling having been made, the whole train moved rapidly forward, and the wheels mashed the deceased's leg from his body, breaking the pubic bone and crushing the pelvis, and deceased died in about an hour from the shock. One witness testified that he saw deceased make the coupling, "and he had his back to the piece of timber which was on the flat car and projected over. I heard him call for some one when he got squeezed, and I ran to him and tried to catch him. Just as I got there, he fell between the cars. He fell just as the train started, and the wheel ran on his right leg."

The first question which we will consider is as to the action of the court in rendering judgment for the defendant company on the demurrer to the evidence. It is well settled that the right of the plaintiff to recover damages in this action is dependent upon the question, whether the defendant company was

guilty of negligence. If the injury was occasioned solely by the negligence of the defendant company, there can be no doubt of the plaintiff's right to recover damages for the killing of her husband. But, if there was negligence on the part of the deceased which contributed to the injury, the law will not undertake to apportion the fault. There can be no recovery for an injury caused by the mutual fault of both parties. The mere negligence of the deceased, however, would not disentitle his administratrix to recover, unless it were such that, but for that negligence, the misfortune would not have happened; nor if the defendant might, by the exercise of care on its part, have avoided the consequences of the plaintiff's negligence. *C. & O. Railroad Co.* v. *Lee,* ante, p. 642, and cases cited. These principles have been long well settled, and are thoroughly understood by the profession; and this case furnishes to an uncommon degree a complete illustration of each branch of these principles. First. The defendant company was undeniably guilty of negligence in taking into this train this improperly loaded car; and while it is true that, when a servant enters upon an employment, he accepts the service subject to the risks incident to it, it is no less true that it is the duty of the company to exercise care to provide and maintain safe, sound, and suitable machinery, roadway, structures, and instrumentalities; and it must not expose its employees to risks beyond those which are incident to the employment, and were in contemplation at the time of the contract of service; and the employee has a right to presume these duties have been performed. In this case the dangerous car should not have been taken into the train until it had been properly loaded, and divested of unnecessary and unusual danger to life and limb. And after it had been thus improperly admitted and negligently coupled in the train, it was negligence to direct this brakeman to signal and couple, when both could only be performed on the side of the greatest danger. Second. The negligence of the company being clear and undeniable, it is urged that as

this brakeman knew of the dangerous character of this car, and the special danger on the right side, he should have declined the service when specially so ordered by the company's agent to signal and couple on this side. And this may be conceded under the authority of the case of *Darracott* v. *C. & O. Railroad Co.*, 83 Va., 288, and the cases cited. Yet, in the third place, the fact is, that this dangerous duty was performed, the train coupled, and his life was not yet forfeited by this act. But, by the negligence of the company, and his co-operating negligence contributing to the accident, he was caught and squeezed tight between the timber and the car; and then his negligence and his danger became known to the defendant. And the defendant, then having become aware of the danger, and the negligence of both company and employee, by the exercise of care on its part, might have avoided the consequences of the deceased's negligence by uncoupling the train which was squeezing the deceased and signaling to the engine-man to move up. But, without going to see whether the coupling had been made, which indeed was right under his eyes, and without looking, the conductor hastily, hurriedly, incautiously, negligently, signaled the engine-man to go forward quick; and he went forward so quickly and rapidly that the witness, McNalty, who had run up for the purpose, and was close to the unfortunate man, was not able to snatch him out of the way of the train, which quickly crushed him to death as he lay upon the ground. And the evidence shows that he was only slightly, if, indeed, at all, hurt, until he was jerked down by the impetus of the cars, which properly ought not to have moved at all until he was taken from under the wheels. As deceased came to his death solely by this negligent conduct of the company's agent, the case is clearly with the plaintiff on the demurrer to the evidence, and the circuit court erred in holding otherwise; (*Dun* v. *Railroad Co.*, 78 Va., 645; *Va. Md. Railroad Co.* v. *White, ante,* p., 498 and cases cited;) for the company is clearly bound by the acts of the conductor in this

case, who could not, upon well-settled principles, have been held the fellow-servant of deceased, (*Moon* v. *Railroad Co.*, 78 Va., 745, and cases cited; *Railroad Co.* v. *Ross*, 112 U. S., 377, 17 Amer. & Eng. R. Cas. 501.)

The judgment of the circuit court of Nelson county will be reversed and annulled, and such judgment rendered here as the said circuit court ought to have rendered.

JUDGMENT REVERSED.