PETER BESEMAN *vs*. AUGUST WEBER.

Submitted on briefs April 24, 1893. Decided May 5, 1893.

#### Attachment in a Justice's Court.

A writ of attachment, by which an action is commenced in a justice's court, is sufficient to give jurisdiction if it be in the form prescribed by statute, requiring the defendant to be summoned to appear at the office of the justice in a specified *county,* the *town* not being named.

Appeal by plaintiff, Peter Beseman, from a judgment of the District Court of Morrison County, *L. L. Baxter*, J., entered April 16, 1892, in favor of defendant, August Weber, for costs.

*Taylor, Calhoun & Rhodes*, for appellant.

*E. S. Smith*, for respondent.

DICKINSON, J. This action was commenced by a writ of attachment in the court of a Justice of the Peace. Judgment was rendered in favor of the plaintiff, which, on appeal to the district court, was

reversed. The sole question is whether, by reason of the fact that in that part of the writ which serves the purposes of a summons the justice directed the defendant to be summoned to appear "at my office in said county [of Morrison,]" without naming the *town,* the justice failed to acquire jurisdiction over the defendant who was thus summoned.

The defendant appeared specially on the return day, and moved that the cause be dismissed for want of jurisdiction. This being denied, he then moved that the attachment be dissolved, because no inventory had been served. This was granted, and the defendant then left the court. The justice proceeded to hear the case of the plaintiff, and thereupon rendered judgment in his favor.

The statute 1878 G. S. ch. 65, § 2, requires every Justice to keep his office in the town, city, or ward for which he is elected; but he may, for the convenience of the parties, make any process returnable, and may hold his court, at any place appointed by him in a town or ward adjoining that in which he resides.

By § 13 it is provided that in all cases not otherwise provided for the first process shall be by summons, commanding the officer to summon the defendant to appear before such justice at a time and place expressed in such summons. 1878 G. S. ch. 65, § 138, declares that "the following or equivalent forms shall be used by justices of the peace in proceedings to be had under the provisions of this chapter." The form there prescribed for a writ of attachment is *exactly* such as was used by the justice in this case, requiring the defendant to be summoned to appear "at my office in said county."

The writ, including the summons to the defendant, was in exact accordance with the requirements of the statute, and the justice acquired jurisdiction. The form prescribed by § 138 was sufficient by the very terms of the law. If it be assumed that, in the case of an action commenced by summons, the town where it is returnable should be stated, it may not be very apparent why the same particularity should not have been prescribed with respect to the summons contained in a writ of attachment. But, however it may be in the former case, we do not hesitate to decide that in the latter a writ in exact accordance with the statutory form is sufficient. There can be no such great practical inconvenience or uncertainty in such a case as to the place where the defendant is required to appear as

to lead to the conclusion that the legislature did not mean just what in the plainest terms it has said. Each justice is elected for a particular town, city, or other definite district, and he is required to keep his office therein. Hence a defendant may always discover, if he does not know, in what town or district the justice's office is.

It is unnecessary to consider the effect, as respects the subject of jurisdiction, of the motion made to dissolve the attachment.

The judgment of the district court must be reversed, and that of the justice of the peace affirmed.

VANDERBURGH, J., did not take part.

(Opinion published 54 N. W. Rep. 1053.)