RALPH JONES v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

July 19, 1900.

Nos. 12,132—(218).

Law of Evidence—Wisconsin Statute.

The law of evidence is the lex fori. Whether a witness is competent or not, whether certain matters require to be proven by writing or not, whether certain evidence proves a certain fact or not, are to be determined by the law of the country where the question arises, where the remedy is sought to be enforced, and where the court sits to enforce it. It was, therefore, error for the court below to hold at the trial of this case that a Wisconsin statute which established nothing more than a rule of evidence as to the burden of proof was of force and effect in the courts of this state.

[1] Reported in 83 N. W. 446.

Failure of Proof.

> *Held,* under the rules of evidence and proof as laid down and established in the courts of this state, that plaintiff failed to make a case for the jury.

Judgment notwithstanding Verdict.

> *Held,* further, that the court was in error when it ordered judgment for defendant notwithstanding the verdict. A new trial should have been ordered instead.

Action in the district court for Ramsey county to recover $22,075 damages for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Reversed.

*D. J. Keefe* and *Humphrey Barton,* for appellant.

*Pierce Butler* and *Thomas Wilson,* for respondent.

COLLINS, J.[2]

Plaintiff was a brakeman in defendant's employ upon a train in which were several flat cars, loaded with cord wood, piled in two rows, lengthwise, on each car. At each end of these rows were two upright stakes, which served to keep the wood in place. The lower ends of these stakes rested in iron sockets fastened on a level with the car floor, four by five inches in diameter. It was the usual custom of brakemen when ascending to or descending from the top of these piles or rows as they made their way from one car to another, to seize and rely upon these stakes, which were always put in place by the shippers of the wood, but which at once became car appliances. While the train was in motion, plaintiff walked along on top of the wood, and then, for the purpose of setting a brake, attempted to descend to the car floor. He seized one of these upright stakes, it broke off near the floor, and he was thrown down, receiving the injuries complained of.

It was shown that the stake was somewhat rotten at its center, just where it gave way. There was no proof that it was rotten or defective at any other point; nor was there any evidence in the case

[2] BROWN, J., absent, took no part.

from which it could be held that the defendant had notice of this defect in the stake, or, in the exercise of ordinary care, should have discovered or have known of it. No one saw that it was rotten until plaintiff and other trainmen attempted to sharpen it with an axe at the point where it broke, for the purpose of again inserting it in the iron socket provided therefor. Upon cutting into it, the rotten part was discovered. There was no evidence whatever of it being rotten elsewhere, or that this defect could have been discovered in any other manner than by splitting the stake at this exact point. It was conclusively shown that it was round and covered with bark. It was of live maple, originally five or six inches in diameter. To fit it for the iron socket, it had been trimmed down to the proper size, four by five inches, as before stated.

On the argument, plaintiff's counsel claimed that from the evidence it fairly appeared that this particular stake was a split stick, instead of being round. We think not, but it is wholly immaterial whether the stake was round or split; for there was no evidence upon which could be based a finding that the defect was visible, except as it was discovered in an attempt to sharpen after the accident. Ordinary care would not require of defendant that it cut into each stake for the purpose of ascertaining whether or not there was a latent defect. The plaintiff himself testified that there was nothing about the stake, as it stood, to indicate that it was not perfectly sound and strong. It is obvious that under the rules laid down in this state there was a total absence of evidence from which the jury could have found that defendant by the exercise of ordinary care could have detected that it was rotten to some extent, or could have discovered that it was unsafe.

The accident happened in the state of Wisconsin, and a statute of that state was set out in the complaint, and stood admitted by the answer. This statute was as follows:

"Every railroad company * . * * shall be liable for all damages sustained * * * by any of its employees without contributory negligence on his part:

1. When such injury is caused by a defect in any locomotive, engine, car, rail, track, machinery or appliance required by said company to be used by its employees in and about the business of their

employment, if such defect could have been discovered by such company by reasonable and proper care, tests or inspection; and proof of such defect shall be presumptive evidence of knowledge thereof on the part of such company." St. 1898, § 1816.

In charging the jury the court below instructed that, under that portion of this statute which makes proof of a defective appliance presumptive evidence of knowledge, the plaintiff could recover without regard to the rule prevailing in this state. This was error, and the court below seems to have so concluded when making the order appealed from. This statute was nothing more than a rule of evidence, which could not be given extraterritorial effect, and the trial court should have so held. It is a general rule that the admission of evidence and the rules of evidence are rather matters of procedure than matters attaching to the rights of parties. Therefore they are governed by the laws of the country where the court sits. Story, Confl. Laws, 827. The law of evidence is the lex fori. Whether a witness is competent or not, whether certain matters require to be proven by writing or not, whether certain evidence proves a certain fact or not, are to be determined by the law of the country where the question arises, where the remedy is sought to be enforced, and where the court sits to enforce it. Bain v. Proprietors, 3 H. L. Cas. 1; Downer v. Chesebrough, 36 Conn. 39; Scudder v. Union Nat. Bank, 91 U. S. 406. In Lewis v. Bush, 30 Minn. 244, 15 N. W. 113, it was said, when speaking of the question of priority between a creditor attaching property under the laws of Minnesota and an assignee claiming under an assignment executed in the state of Illinois, that

"This is a question of remedy rather than of contract, which, we think, must be determined by the law of the forum. * * * When a party comes into this state and invokes the aid of our garnishee or attachment laws, it is they, and not the laws of some other state, that must determine whether the property which he seeks to reach is liable to his process. * * * We cannot permit the laws of another state to be imported, and override the settled policy of our own laws. In such a case comity must yield to policy, otherwise we would have no established rule to govern our own courts."

The burden of proof was therefore upon the plaintiff to establish

the defendant's negligence, and the Wisconsin statute was of no force or effect. To obtain the advantage of that enactment, plaintiff should have brought his action in that state.

At the close of the testimony, defendant's counsel moved that the court direct a verdict for their client, which motion was denied; and, upon a bill of exceptions, counsel subsequently made the blended motion provided for by Laws 1895, c. 320. The court below then ordered judgment for defendant notwithstanding the verdict in plaintiff's favor. Under the circumstances, we think this was error, for at the trial counsel for plaintiff had a right to rely upon the ruling as to the force and effect of the Wisconsin statute. With this ruling, it was unnecessary for them to show that defendant knew of the defect in the stake, or in the exercise of ordinary care should have known of it. For this reason the order appealed from must be set aside, and a new trial granted.

On appeal this particular point was not very clearly made, although covered by the first assignment of error, and we suspect that it was not made at all in the court below. It was not specially pointed out in the brief, and for that reason we are of the opinion that the plaintiff should not be allowed statutory costs.

A new trial is granted, but no statutory costs will be taxed against defendant.

