BERT S. KAUFMAN v. W. McK. BARBOUR.[1]

May 25, 1906.

Nos. 14,699—(91).

**Promissory Note—Parol Evidence.**

As between the immediate parties to a promissory note, parol evidence is admissible to show that the makers thereof, though all appear to be principal debtors, bear the relation to each other of principal and surety. The rule that parol evidence is inadmissible to vary the terms of a written contract does not apply in such a case.

**Contract—Pleading and Proof.**

The rules of pleading and evidence in this state apply in an action brought therein upon a contract executed and to be performed in another state.

Appeal by defendant from an order of the district court for Hennepin county, Holt, J., overruling a demurrer to the complaint. Affirmed.

*Thomas McDermott,* for appellant.
*Dodge & Webber,* for respondent.

BROWN, J.

Defendant and two other persons, Gaylord and Kaufman, as joint makers, executed and delivered to one Westheimer a promissory note by the terms of which they jointly and severally promised to pay the latter the sum of $2,500 at the time therein stated. Kaufman subsequently died, and the claim for the amount due on the note was presented to the probate court having charge of the administration of his estate, where it was allowed and subsequently paid by the administrator. Plaintiff in this action, as successor in interest of all the heirs of the Kaufman estate, brought this action against defendant to recover the amount paid by the estate to discharge the debt, basing his right of action on the claim that defendant was the principal debtor, and that Kaufman and Gaylord signed the note solely as sureties. The-

[1]Reported in 107 N. W. 1128.

complaint setting up these facts was demurred to by defendant on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant appealed.

1. The principal point made in this court is that inasmuch as the note appears upon its face, it was set out in full in the complaint, to have been signed by the parties as joint makers, the word "surety" not appearing after the name of either, parol evidence is inadmissible to prove the alleged fact that Gaylord and Kaufman were sureties.

This contention is not well taken. It has always been the law in this state, so far as our information extends, that, as between themselves, at least, it is competent to show that joint makers of a promissory note bear to each other the relation of principal and surety, and the rule that parol evidence is inadmissible to vary a written contract does not apply. The understanding or agreement between the parties executing the note is not expressed in the writing, and the conditions upon which it was signed, as between the makers, may always be shown by parol evidence. No case in this court has been called to our attention where the precise point has been ruled upon, but the following sustain the proposition stated: Agnew v. Merritt, 10 Minn. 242 (308); Strong v. Baker, 25 Minn. 442; Benedict v. Olson, 37 Minn. 431, 35 N. W. 10; Fuller v. Quesnel, 63 Minn. 302, 65 N. W. 634; Siebert v. Quesnel, 65 Minn. 107, 67 N. W. 803, 60 Am. St. 441; U. S. F. & G. Co. v. Siegmann, 87 Minn. 175, 91 N. W. 473.

In two of the cases just cited it was shown without objection that one of the joint makers of the promissory notes there before the court was in fact a surety, to the knowledge of the payee, and the court held that an extension of the time of payment to the principal debtor released the surety. It seems to have been taken for granted in both cases that evidence to show the relation the parties bore to the instrument was competent. That such evidence is competent is sustained by the authorities generally. 1 Brandt, Suretyship, § 251; Hoffman v. Habighorst, 38 Ore. 261, 63 Pac. 610, 53 L. R. A. 908; Apgar's Admr. v. Hiler, 24 N. J. L. 812; Derry v. Baldwin, 41 N. H. 434.

2. A further contention is made by appellant that, the note in suit having been made and being payable in the state of Missouri, the law of that state must control the question here involved. We do not concur in this view. Upon this question the lex fori governs. The action

having been brought in this state, the pertinent rules and principles of law of this court as respects the remedy apply. 22 Am. & Eng. Enc. (2d Ed.) §§ 1383, 1384. The remedy includes and embraces the law of pleading and evidence. Jones v. Chicago, St. P., M. & O. Ry. Co., 80 Minn. 488, 83 N. W. 446, 49 L. R. A. 640.

Order affirmed.