OLAF J. FRYKLUND v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 26, 1907.

Nos. 15,130—(74).

**Parties to Action.**
    An action may be maintained in this state, either upon contract or for a tort, against one of several persons jointly liable.

**Procedure Governed by Lex Fori.**
    The lex fori governs in all matters of procedure, including questions of pleading, evidence, and parties to and form of action.

Appeal by defendant from an order of the district court for Carlton county, Dibell, J., overruling a demurrer to the complaint. Affirmed.

[1]Reported in 111 N. W. 727.

*W. R. Begg, J. A. Murphy,* and *Heber McHugh,* for appellant.
*John Jenswold, Jr.,* for respondent.

BROWN, J.

The complaint in this action alleges, among other things, that on June 5, 1906, plaintiff, a resident of Cloquet, this state, purchased a round-trip passenger ticket from the Northern Pacific Railway Company, which, under some traffic arrangement with the Great Northern Railway Company, defendant in this action, and the Oregon Railway & Navigation Company, entitled him to passage from Cloquet, on the Northern Pacific line, to Portland, Oregon, thence to Spokane over the Oregon Railway & Navigation road, and returning to his home at Cloquet over defendant's line.   The complaint also alleges that the ticket was sold by the Northern Pacific Company under authority from the other two companies, but the particulars of the contract between them are not stated.   It further alleges that on July 5, 1906, he boarded one of defendant's regular passenger trains at Spokane for the purpose of returning to his home; that he presented the portion of the ticket entitling him to passage over defendant's road, which was accepted by its conductor, and plaintiff thereby became a passenger upon the train and entitled to safe passage to his destination.   It then alleges that by reason of the negligence of defendant and its servants a collision occurred on defendant's road between this and another train, in the state of Montana, by reason of which plaintiff was seriously injured.

Defendant demurred to the complaint on the grounds (1) that there was a defect of parties defendant, in that the Northern Pacific Railway Company and the Oregon Railway & Navigation Company should have been joined as defendants; and (2) that the complaint fails to state facts sufficient to constitute a cause of action.   The demurrer was overruled, and defendant appealed.

The first ground of demurrer, namely, that there is a defect of parties defendant, presents the only question requiring mention.   That the complaint states a cause of action there is no doubt, and we pass that feature of the case without further remark.   It is urged in support of the first ground of demurrer that the action is founded upon a breach of contract; that the arrangement between the railroad com-

panies, indefinitely disclosed by the complaint, created a copartnership relation, rendering them jointly liable, and consequently that all should have been made defendants. This contention requires no extended discussion. It is disposed of by section 4282, R. L. 1905, which provides, generally, that all parties to a joint obligation shall be severally liable for the full amount thereof. In view of this statute it is unnecessary to inquire or determine whether the action is for a breach of contract or in tort, or whether the several railroad companies were jointly liable. A joint contract liability may, for the purposes of the case, be conceded. Plaintiff received his injuries at the hands of this defendant, and may, under the statute, maintain his action against it without joining as defendants the other companies. Hollister v. U. S. Fidelity & Guaranty Co. of Baltimore, 84 Minn. 251, 87 N. W. 776; Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638; Hoatson v. McDonald, 97 Minn. 201, 106 N. W. 311. The same rule applies to actions in tort.

But it is contended by defendant that this statute can have no application to this action, for the reason that the injury complained of occurred in the state of Montana, and, inasmuch as the statute law of that state on the subject of actions ex quasi contractu against persons jointly liable does not appear, the rule of the common law requiring the joinder of all such parties must control, citing Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632, 57 Am. 55. This position is not sound. It is elementary that the lex fori governs in all matters relating to the remedy and course of procedure. It controls the form of the action (Bank of U. S. v. Donnally, 8 Pet. 361, 8 L. Ed. 974; Drake v. Rice, 130 Mass. 410), the parties to the suit (Taft v. Ward, 106 Mass. 518; Ruhe v. Buck, 124 Mo. 178, 27 S. W. 412, 25 L. R. A. 178, 46 Am. St. 439; Robinson v. Queen, 87 Tenn. 445, 11 S. W. 38, 3 L. R. A. 214, 10 Am. St. 690; Pritchard v. Norton, 106 U. S. 130, 1 Sup. Ct. 102, 27 L. Ed. 104), and the sufficiency of the pleadings and the competency of the evidence (Jones v. Chicago, St. P. M. & O. Ry. Co., 80 Minn. 488, 83 N. W. 446, 49 L. R. A. 640; Kaufman v. Barbour, 98 Minn. 158, 107 N. W. 1128; 22 Am. & Eng. Enc. (2d Ed.) 1383). The rule laid down in Whittaker v. Collins, 34 Minn. 299, 25 N. W. 632, 57 Am. 55, was abrogated by the statute above referred to.

Order affirmed.