# ADOLOR J. SUPRENANT v. GREAT NORTHERN RAIL-WAY COMPANY.[1]

October 17, 1913.

Nos. 18,115—(245).

**Loading flat car — duty of railway company.**

> Plaintiff was brakeman upon a freight train. In the train was a flat car upon which two threshing machine separators were loaded. For many years it had been the custom for brakemen, having occasion to pass over such cars so loaded while the train was in motion, to walk along the edge of the car at the side of the separators, and to save themselves from falling by grasping such parts of the separators or of the attachments thereto as were available for "handholds." Defendant provided no other practicable way for passing over such cars and no other means for protection while doing so. Plaintiff, while passing over this car in the usual manner, grasped a pulley on the end of a shaft, which was not secured in place in any manner and slipped off the shaft, causing plaintiff to fall and sustain serious injuries.

> *Held:* That it was the duty of defendant to exercise ordinary care to see that such parts of the load as were likely to be used as "handholds" were so secured as not to expose its employees to unnecessary danger, and that the evidence is sufficient to sustain the verdict.

Action in the district court for Polk county to recover $12,000 for personal injury received while in the employ of defendant. The answer set up the contributory negligence of plaintiff and his assumption of all risks incident to the performance of his work as brakeman, and expressly denied that defendant was guilty of the violation of any law, state or Federal, in connection with the operation of its train and particularly with reference to the flat car mentioned

[1] Reported in 143 N. W. 320.

---

Note.—As to the liability of a carrier to employee for injuries by defectively loaded car, see note in 13 L.R.A.(N.S.) 384.

On the question of the effect of shipper's negligence in loading car, or as to condition of car, upon the carrier's common-law liability, see note in 19 L.R.A. (N.S.) 952.

in the opinion, and denied that it was guilty of any negligence in connection with the loading of the flat car.   The case was tried before Watts, J., and a jury which returned a verdict of $2,000 in favor of plaintiff.   Defendant's motion for judgment notwithstanding the verdict was denied.   From judgment entered pursuant to the verdict, defendant appealed.   Affirmed.

M. L. Countryman and A. L. Janes, for appellant.

W. E. Rowe, for respondent.

TAYLOR, C.

Plaintiff, a brakeman upon one of defendant's freight trains, recovered judgment for personal injuries sustained while engaged in the performance of his duties, and defendant appeals from such judgment.

The train included a flat car upon which two threshing machine separators were loaded.   The separators were not so wide as the car, and left a narrow space along its outer edge, which the brakemen were accustomed to use as a passageway in going from one part of the train to another.   This space or passageway was about twelve inches in width, except for a short distance at the side of each separator where it narrowed to about six inches in width.

In the night-time and while the train was running rapidly, plaintiff, in going from the rear of the train to the engine in the line of duty, attempted to walk along this narrow edge at the side of the separators, and sought to hold himself upon the car while doing so by grasping such parts of the separator and of the attachments thereto as were available for "handholds."   There was no other practicable way to pass over this car.   At the narrow part of the passageway, plaintiff grasped a pulley which gave way and he fell to the ground and sustained serious injuries.   Subsequent examination disclosed that a slot or groove had been cut in the shaft and in the hub of the pulley in which to drive a key or wedge to fasten and hold the pulley in place, but that the pulley had been placed upon the end of the shaft without inserting this key or wedge.   That the key had never been inserted was shown by the condition of the paint which partially filled the groove.   The pulley had not been fastened or secured

in any manner, and slipped off the end of the shaft when plaintiff caught hold of it.

It is undisputed that plaintiff was passing over this car in the proper and customary manner; that it was the only practicable way of doing so; and that for many years defendant had known and expected that brakemen would pass along such cars in that manner, and would rely upon grasping any available "handhold" afforded by the load to protect themselves from the danger of falling. Defendant concedes this, but contends that the failure to fasten the pulley upon the shaft was the fault of the shipper or of the manufacturer; that the separator and its attachments constituted the "cargo"; and that defendant had no right to meddle with or change it in any way, and was not responsible for any defect in it. This may be true, but it does not follow that defendant owed no duty to its employees in reference to it. Although the separator and its attachments constituted the "cargo," it was the duty of the defendant to exercise ordinary care to see that they were so loaded upon the car as not unnecessarily to endanger its employees while in the performance of their duties.

The brakemen were required to pass over cars loaded as this car was loaded, and were expected to guard themselves from falling by grasping such parts of the "load" as were available for "handholds." This had been the custom for some 20 years. No other way had been provided to pass over such cars; and no other means had been provided by which the brakemen could protect themselves from the danger of falling. Under such circumstances it was the duty of defendant to exercise reasonable care to see that those parts of the load which were available for and likely to be used as "handholds" could be used for that purpose with reasonable safety. Wallace v. Railroad, 141 N. C. 646, 54 S. E. 399, 13 L.R.A.(N.S.) 384; Dunn v. New York, N. H. & H. R. Co. 46 C. C. A. 546, 107 Fed. 666; Lyle v. Alabama G. S. Ry. Co. 76 C. C. A. 301, 145 Fed. 611; Austin v. Fitchburg R. Co. 172 Mass. 484, 52 N. E. 527; Boyle v. Union Pac. Ry. Co. 25 Utah 420, 71 Pac. 988; Brimer v. Chicago, B. & Q. R. Co. 109 Mo. App. 493, 85 S. W. 653; Eaton v. New York, C. & H. R. R. Co. 163 N. Y. 391, 57 N. E. 609, 79 Am. St. 600; Ayers v. Richmond & D. R. Co. 84 Va. 679, 5 S. E. 582; Jones v. Chicago,

St. P. M. & O. Ry. Co. 80 Minn. 488, 83 N. W. 446, 49 L.R.A. 640; Lee v. Wild Rice Lumber Co. 102 Minn. 74, 112 N. W. 887.

Had defendant provided a different way for its employees to pass over this car or other means for them to protect themselves while making such passage, a different question would be presented; but, having knowingly placed its employees at work under such conditions that they must necessarily use parts of the load as "handholds" to protect themselves from danger while in the performance of their duties, the question here presented is whether defendant exercised proper care to see that those parts of the load likely to be used by them for that purpose were so secured, either to the load or to the car, as not to expose such employees to unnecessary danger. One of defendant's former car inspectors testified that it was part of his duty to see that such separators were safely loaded, and that everything connected with them was in good condition for the trainmen. It does not appear that the load upon this car had ever been examined or inspected in any manner. The question as to whether defendant was chargeable with negligence was fairly submitted to the jury and the evidence is sufficient to sustain the verdict.

Judgment affirmed.