ERNEST MOORE, SR. v. E. M. LILLEHAUGEN ET AL.[1]

December 16, 1921.

No. 22,545.

**Procedure governed by lex fori.**

    1. The lex fori governs the conduct of litigation in all matters of procedure, including pleading, practice and evidence.

[1]Reported in 185 N. W. 958.

**Foreign statute upon registration of cattle brands not evidence of title.**

2. The statute of the state of North Dakota on the subject of the registration of cattle marks or brands, the issuance of certificates thereof, and providing that the certificate shall be deemed evidence of ownership of cattle so branded or marked, constitutes a rule of evidence applicable in that state only; it has no extraterritorial force or effect and is inadmissible in this state as evidence of title.

**No error shown by record.**

3. The record presents no reversible error.

Action in claim and delivery for certain cattle, in the district court for Dakota county, or for $1,450.70 in case delivery could not be had. The case was tried before Converse, J., who at the close of the testimony denied plaintiff's and defendants' motions for directed verdicts, and a jury which returned a verdict in favor of defendants Lillehaugen and Lattimore. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*John A. Pearson,* for appellant.

*D. L. Grannis,* for respondents.

BROWN, C. J.

Action in claim and delivery for 24 head of cattle in which defendants had a verdict and plaintiff appealed from an order denying a new trial.

The cattle were shipped by defendants Lillehaugen and Lattimore from North Dakota to the South St. Paul Stock Yards in this state consigned to defendant J. R. Kirk Commission Company for sale on the market at that place. Plaintiff's alleged title and ownership of the cattle, or the proceeds thereof, was put in issue by the answer. It appears that the cattle were branded with the mark "LML," and plaintiff claims to have purchased them in North Dakota from one Mosser, the owner and holder of that mark or brand. Lillehaugen & Lattimore, defendants, purchased them of one Bishop of Benedict, North Dakota, who in turn claimed to have purchased them from the King Cattle Company, of Mandan, that state. The evidence, somewhat conflicting, made the question of ownership one of fact for the jury, and it was answered in favor of defendants. Our examination of the record leads to the conclusion that the verdict is sufficiently supported by the evidence. It would serve no useful pur-

pose to discuss it. It is sufficient to say that we have examined it with the result stated.

It appears that Mosser, through whom plaintiff claims title, had complied with the statutes of the state of North Dakota in reference to the selection and recording in the office of the state commissioner of agriculture a mark or brand for the identification of cattle owned by him, and there had been issued to him by the proper officer a certificate thereof as required by the statute. The mark so selected and certified was "LML," and the cattle in question appear to have been so branded. The official certificate was subsequently assigned to plaintiff by Mosser, and was offered and received in evidence on the trial. At the conclusion of the trial counsel for plaintiff requested the court to instruct the jury to the effect that the certificate was prima facie evidence that plaintiff, the holder thereof by assignment, was the owner of the cattle branded with that mark. The request was refused, to which refusal plaintiff duly excepted. That exception presents the principal question urged in support of the appeal.

The refusal to so instruct the jury was not error. The statutes of North Dakota on the subject of the registration of cattle brands or identification marks, Comp. St. 1913, §§ 2595 and 2596, provide for the filing of a written application with the commissioner of agriculture, the record thereof and proceedings thereunder, and the issuance of an appropriate certificate to the applicant assigning to him and his exclusive use the particular cattle mark or brand, "which record shall be open to the inspection of any person interested, and he (the commissioner of agriculture) shall deliver to the owner of such mark or brand a certificate thereof, which certificate shall be deemed evidence of ownership, for which he shall charge and collect a fee of $2.00."

Whether the statute should be construed as giving to the certificate of registration prima facie evidence of ownership of the cattle branded with the registered mark, or evidence of the ownership of the particular mark, we do not stop to consider. The supreme court of North Dakota has not heretofore considered the question and the authorities elsewhere are perhaps not in entire harmony on the subject. It is not here involved, for, however the statute may be construed, it amounts to nothing more than a rule of evidence applicable in North Dakota, with no ex-

traterritorial force or effect. The certificate is not evidence in this state of either fact stated, namely, the ownership of the cattle or of the mark, therefore there was no error in the instructions of the court of which plaintiff complains. It is a rule of general application that the lex fori governs the commencement and conduct of litigation in all matters of procedure, including pleading, practice and evidence. Jones v. Chicago, St. P. M. & O. Ry. Co. 80 Minn. 488, 83 N. W. 446, 49 L.R.A. 640; 4 Notes on Minn. Reports, 707; Kaufman v. Barbour, 98 Minn. 158, 107 N. W. 1128; Fryklund v. Great Northern Ry. Co. 101 Minn. 37, 111 N. W. 727; 12 C. J. 447, and citations.

Counsel is clearly in error in the contention that the North Dakota statute creates a substantive property right in the holder of the certificate. The statute on its face limits the effect of the certificate to its character as evidence; it therefore constitutes a rule of evidence and nothing more. The rule applicable to a foreign law which forms an element of a contract, as distinguished from a rule of evidence, is pointed out in Thompson-Houston Elec. Co. v. Palmer, 52 Minn. 174, 53 N. W. 1137, 38 Am. St. 536.

This disposes of the principal assignments of error and of the appeal, for we find no error of a character to justify a new trial in any of the other assignments. The deposition of some North Dakota witnesses, taken in that state, was taken and certified under stipulation, and both parties participated in taking the same. It was returned and filed in the court below, but no notice thereof was given as provided for by our statutes. In that situation counsel for plaintiff rightfully interposed objections at the time it was offered in evidence. But we find no special merit in any of the points used against its admission in evidence; there was no substantial defect in the taking or certifying the same. Informalities therein are of an unimportant character and must be disregarded. 1 Dunnell, Minn. Dig. § 2715. There were no errors in the admission or exclusion of evidence to justify a new trial.

Order affirmed.