GINO MARCHETTI *vs.* JOHN A. RICCIO *et ux.*
JOHN A. RICCIO *et ux. vs.* GINO MARCHETTI.

MARCH 23, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. These are actions of assumpsit for alleged breach of a building contract. They were consolidated for trial and tried together before a justice of the superior court without a jury. He decided the first case

in favor of the plaintiff Marchetti and awarded him damages in the amount of $1,581.06 against the defendant John A. Riccio. He also gave decision therein to the defendant Mary Riccio for costs against the plaintiff. In the second case which was a counteraction by the Riccios against Marchetti he rendered decision in favor of the defendant. The cases are here on John A. Riccio's bills of exceptions to the decisions in favor of Marchetti and to certain rulings on the evidence. No exception to the decision for Mary Riccio in the first case was prosecuted by Marchetti and therefore such decision is not involved here.

Under the contract Marchetti agreed to build a house for the Riccios on their land in Johnston for $15,075 upon the payment of $1,500 as a deposit and the balance thereafter in three equal installments of $4,525, the first payable when the house was framed, the second when it was plastered, and the third when completed. The work was to be commenced upon payment of the deposit and to be substantially completed five months thereafter.

Within a few days from the date of the contract, June 19, 1959, the house was started but ten months later it was uncompleted. The delay was attributed by Marchetti to various causes not under his control. The Riccios on the contrary claimed that the delay was largely his fault. In any event such delays regardless of who was at fault do not appear to have caused either party to predicate a breach of the contract thereon. The trial justice so found. It was an incident which occurred when the work was in its third stage that brought the parties to the breaking point and caused the instant litigation.

After the first two installments had been paid and while the house was uncompleted Marchetti presented a bill for certain extras which the Riccios had ordered from time to time while the work under the contract was in progress. Thereupon a controversy over the correctness of the bill

arose between the parties. Marchetti testified that he presented him with a bill on March 23, 1960 and that Riccio questioned its correctness, whereupon he submitted a corrected bill on April 14, 1960. According to Marchetti, he was then informed by Riccio that unless the bill was cut in half he would have to get off the job. About a week later he received a letter from Riccio's lawyer confirming this ultimatum.

Riccio denied that he gave Marchetti any ultimatum. He testified that on the contrary it was Marchetti who issued the ultimatum that until his bill for extras was paid he would not complete the house. Since such payment was refused Marchetti was directed to cease further work on the house.

This sharply conflicting testimony presented a decisive question of credibility for the trial justice to determine. In his rescript he faces the issue forthrightly and states the reason for his decision. After summarizing and analyzing the testimony and noting the contrasting testimonial quality of the witnesses he accepts "Marchetti's testimony as constituting the true version of the incident." He then proceeds to point out aspects of the testimony of the Riccios which tend to impeach it and which lead him to conclude that they "were not convincing witnesses." For this reason he decides "that the actionable breach of contract was the action of Riccio in issuing the ultimatum to Marchetti to accept half the bill for extras or get off the job."

On the issue of liability for the extras and as to the correctness of the charges therefor, the trial justice relies on the greater probability of truth in Marchetti's testimony. Hence he finds that there was nothing unreasonable about the bill and such adjustments as it was necessary to make in some items were fairly subject to argument. Viewing the evidence as he does, he concludes that Riccio had no valid reason for ordering Marchetti off the job because of the dispute over the extras.

In the circumstances the trial justice decided that Marchetti had proved substantial performance of the contract and was entitled to damages for its breach by Riccio. The rule which he followed in assessing such damages is not the subject of any exception and therefore need not be discussed here.

Under exceptions 1, 2, 3 and 4 of the bills of exceptions Riccio contends that the decisions are against the law and the evidence and the weight thereof. He first argues that the decision in favor of Marchetti in his action is clearly against the law because the trial justice having found defendant Mary Riccio not a party to the written contract could not validly find John A. Riccio liable thereunder. The reason relied on being that plaintiff having declared against Riccio and his wife jointly under the contract he could not prevail against only one of them. He cites in support of his position 1 Chitty, Pleading (16 Am. ed.), 69, wherein it is stated that in an action for breach of contract "a verdict or judgment cannot in general be given in a joint action against one defendant without the other." He also cites *Walcott* v. *Canfield*, 3 Conn. 194, to the same effect.

Such is indeed the correct rule at common law. The answer to his reliance thereon is that in this state the rule has been abrogated by G. L. 1956, §9-2-3, which permits parties misjoined to be dropped by order of the court at any stage of the cause as justice may require in the discretion of the court and upon such terms as the court may order. This section has been given a liberal construction in favor of a plaintiff notwithstanding his failure to invoke formally the court's discretion to drop the party or parties misjoined. *Carey* v. *Albro*, 85 R. I. 459; *Beaudette* v. *Cavedon*, 50 R. I. 140. In view of the trial justice's decision dropping Mary Riccio as a party defendant in Marchetti v. Riccio et ux. and awarding her costs, we may assume that such action was equivalent to the allowance of an amendment for that purpose within the fair intendment of

the statute. Therefore he did not commit error of law in refusing to decide the case against plaintiff because of misjoinder of parties defendant.

Riccio's next contention is that in deciding the principal issue whether he or Marchetti committed a breach of the contract the trial justice misconceived the evidence. There is no merit in this contention. In effect he is arguing that the decision is against the weight of the evidence. We have frequently held that where the parties submit their case to the trial justice sitting without a jury his decision on the facts is entitled on review in this court to great weight and will not be disturbed unless it is clearly wrong. *Superior Glass Co.* v. *East Greenwich Savings Fund and Loan Ass'n,* 92 R. I. 409, 169 A.2d 380; *Douglas Furniture Corp.* v. *Ehrlich,* 91 R. I. 7; *Assembly of God Church* v. *Vallone,* 89 R. I. 1. This is especially so in any case with or without a jury where the evidence is so sharply conflicting that the principal issue resolves itself into a question of the comparative credibility of the parties. *Loughran* v. *DelSanto,* 79 R. I. 150.

The problem which confronted the court in that case was very much like the one in the case at bar. There the trial justice did not fully credit the plaintiff in some aspects of the case, but he did not credit the defendant at all. Here the trial justice seems to have done the same. From our reading of the transcript we have found nothing therein which convinces us that he misconceived the evidence or that in accepting Marchetti's testimony and rejecting Riccio's he was clearly wrong. The exceptions to the decision are therefore overruled.

Riccio contends further that the trial justice erred in making the award for extras. He assumes that the award was made under the first count on the theory that they were a part of the contract. Since no claim for extras was alleged under that count he argues that there could be no valid award thereunder. We do not agree with this view

of the trial justice's decision. As we read his rescript it does not appear that he proceeded on the theory complained of here. On the contrary we are of the opinion that in his consideration of the case he treated it in two parts. First he determined who was guilty of the breach alleged in the first count of Marchetti's declaration and fixed the damages therefor. He then proceeded to consider the claim of Marchetti for certain extras, and after having determined those for which he was entitled to be paid went on to fix the value thereof in accordance with his view of the evidence. While he did not specifically refer to the common counts of the declaration we think his award may be reasonably attributed thereto rather than to the express contract under the first count. In any event regardless of the theory upon which the award was made we are of the opinion that Riccio was not prejudiced thereby. From our perusal of the rescript we received the impression that the award was the result of a painstaking and impartial consideration of the evidence which was eminently fair to both parties.

In the course of the trial Riccio excepted to a great number of the trial justice's rulings on the evidence. He preserved 47 in his bill of exceptions but has briefed and argued only five. Those not briefed and argued are deemed to be waived. We have carefully considered those briefed and argued, but in our opinion they do not merit specific treatment here. Suffice it to say that even if any ruling excepted to was technically erroneous we are not persuaded that it was prejudicial. These exceptions are therefore overruled.

All of the exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the decision.

MOTION FOR REARGUMENT.

APRIL 2, 1964.

474

PER CURIAM. After our opinion in the above cases was filed, the parties John A. Riccio and Mary Riccio asked for and received permission to file a motion for reargument. Pursuant thereto they have filed such a motion, stating therein certain reasons in support thereof.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Kirshenbaum & Kirshenbaum, Alfred Factor, William Young Chaika,* for Gino Marchetti.

*Abedon, Michaelson & Stanzler, Milton Stanzler, Richard A. Skolnik,* for John A. Riccio.